This military pay case is before the court on defendant’s motion for summary judgment. Plaintiff has filed no response to defendant’s motion and the time for so filing, pursuant to Rule 52 of this court, has expired. After careful consideration of the petition, motion for summary judgment, and supporting exhibits, we grant defendant’s motion for summary judgment.
Plaintiff, Robert V. Fletcher, entered active Army service on April 16, 1959. He was honorably discharged April 4, 1961. Prior to discharge, plaintiff underwent a pre-discharge medical examination on January 26, 1961. The report of medical history, which plaintiff signed and filed for the pre-discharge physical, indicates he had no abnormalities at that time other than the usual childhood diseases and appendicitis. The report of the medical examination accomplished on January 26, 1961, shows that plaintiff was qualified for separation from the service with a perfect profile. On plaintiffs separation date, April 4, 1961, he certified that there had been no change in his physical condition since his pre-discharge medical examination on January 20, 1961. Unfortunately, plaintiffs good health did not continue. In 1965 he underwent surgery for excision of a pilonidal sinus and the tip of the coccyx. And by May 19, 1969, plaintiff was diagnosed to be suffering from psychosis and schizophrenia, rendering him totally unable to work.
These medical problems led the plaintiff to apply for veterans disability benefits. On March 12, 1969, the Veterans Administration (VA) denied plaintiffs claim on the ground that his later medical problems were not service connected. Plaintiff then applied to the Army *702 Board for Correction of Military Records (ABCMR) requesting that his military records be corrected to show injury in the service and the existence of psychosis at the time of release from active duty. The ABCMR denied the request on March 11, 1970. Plaintiff subsequently filed several requests for reconsideration with both the VA and the ABCMR, but to no avail. On January 12, 1978, plaintiff filed his petition in this court.
Defendant alternatively contends that plaintiffs claim is barred by the statute of limitations, that plaintiffs claim is barred by the doctrine of laches, that the petition fails to state a claim for relief within the jurisdiction of this court, and that the ABCMR’s determination was neither arbitrary, nor capricious, or unsupported by substantial evidence. Since we find plaintiffs claim barred by the statute of limitations, we do not address defendant’s other contentions.
The statute of limitations, 28 U.S.C. § 2501 (1970), states, in pertinent part, that "[ejvery claim of which the Court of Claims has jurisdiction shall be barred unless the petition therein is filed within six years after such claim first accrues.” A claim for disability benefits generally accrues at the time a person’s claim is first denied by a retirement board. However, discharge from active duty without review by a board (or a request for review) is not sufficient to initiate the running of the statute of limitations. Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied sub nom., Lipp v. United States, 373 U.S. 932 (1963). Where there has been no retirement board adjudication (or request for one), the claim first accrues when the ABCMR acts. Friedman v. United States, at 17, 18, 310 F. 2d at 391; Patterson v. United States, 141 Ct. Cl. 435, 438 (1958). Once a board renders a final decision, the statute of limitations commences to run and it is not tolled by further requests for review or reconsideration by a board. Friedman v. United States, supra.
Plaintiffs claim was first considered by the ABCMR. His claim first accrued when the ABCMR rendered its decision on March 11, 1970. The statute of limitations commenced to run on plaintiffs claim on that date. It was not tolled by plaintiffs three subsequent attempts on July 2, 1976, October 15, 1976, and September 14, 1977, to get the ABCMR to reverse its decision upon reconsideration. The period of limitations ended March 11, 1976. Plaintiffs *703 petition was not filed until January 12, 1978 — after the period of limitations had lapsed.
Since plaintiffs claim is barred by the statute of limitations, we grant defendant’s motion for summary judgment and order plaintiffs petition dismissed.