Defendant moves for summary judgment in this claim for military disability retired pay and plaintiff opposes the motion on the grounds that disputed issues of material fact about plaintiffs physical condition require their determination by a trial. The petition alleges violation of plaintiffs constitutional rights to disability pay and claims damages of $350,000. We hold for defendant.
On May 18, 1955, plaintiff, a young man with only a seventh-grade education, was inducted into the Army and underwent training at Fort Jackson, South Carolina, and at Fort Sill, Oklahoma, where he was assigned as an artillery trainee. On August 19, 1955, he applied for treatment at the Mental Hygiene Consultation Service at Fort Sill, complaining of headaches and of hearing loud noises, "like a gong,” before going to sleep. He was admitted to the hospital and underwent neuropsychiatric evaluation. The clinical records show that plaintiff was nervous, unable to cope with class work, slept in class, and talked of his late father’s mental illness and of his fear that he, too, was losing his mind. Plaintiff told the neuropsychiatric evaluator who examined him that he had never been able to work under any pressure, and that while a child he was knocked unconscious once when he ran his head into a brick wall. He also said that during a jail term prior to his Army *643 induction, "I almost lost my mind while in that cell.” He was deemed "clearly oriented,” however, and diagnosed as a case of incipient schizophrenia psychosis. After discharge from the hospital, plaintiff continued to go downhill, skipping classes, and spending his evenings drinking.
On September 15, 1955, plaintiffs captain made the following observation to support his recommendation for plaintiffs separation from Army service:
1. Pvt Duvall will make no attempt to apply himself and seems completely incapable of learning even the most elementary instruction. He has no desire to be a soldier and his attitude is one of complete apathy. He seems, at times, to be almost mentally unstable.
On September 27, 1955, plaintiff executed a written request for discharge for the convenience of the Government, on account of physical disability. In this statement he acknowledged that he was considered unfit for retention in the military service on account of a physical disability existing before his entry into the Army and that it had not been aggravated by his military service. He certified that it had been explained to him that he was entitled to consideration by a physical evaluation board but that he did not elect to exercise that right. The statement recites: "I understand that such separation will be without disability retirement or disability severance pay, however, it does not preclude my applying for benefits administered by the Veterans Administration.” The officer who examined plaintiff and took the foregoing statement certified plaintiff as mentally competent to understand the nature of his request for discharge.
An Army medical board thereafter considered plaintiffs case and on October 8, 1955, confirmed him as mentally unfit for retention on active duty and that such unfitness was the result of a condition not incurred or aggravated by military service. The board recommended that plaintiff be given an honorable administrative discharge "for the convenience of the Government.” The recommendations concerning plaintiff were approved by higher authority and on October 28, 1955, after only 5 months and 14 days of unproductive service, plaintiff was honorably discharged.
*644 In 1958 plaintiff made an application for benefits from the Veterans Administration which ruled that since he had less than 6 months of service and the evidence and medical judgment was that his schizophrenia pre-existed his military service, and was not aggravated during his brief time in the service, he was not entitled to benefits. Plaintiff did not appeal this determination.
In 1970 plaintiff applied to the Adjutant General of the Army for a correction of his military records. On March 24, 1970, plaintiff was advised that his benefits, if any, would be under the jurisdiction of the Veterans Administration. However, he was further advised that if he felt he should have been retired by the Army for physical disability his recourse would properly be to the Army Board for Correction of Military Records (ABCMR).
On April 11, 1970, plaintiff petitioned the ABCMR for correction of his records and for a 15-percent disability rating. The ABCMR requested that the Surgeon General review plaintiffs application and his military and medical files. Such a review was made and the Surgeon General concluded that there was insufficient evidence to support the application or to indicate a probable material error or injustice in plaintiffs case. Plaintiff was so notified on August 19,1970, by the ABCMR and on August 28, 1970, by the Adjutant General. It was not until almost 10 years later, May 30, 1980, that plaintiff filed his action in this court.
Defendant raises several defenses: the statute of limitations, laches, lack of jurisdiction over final decisions of the Veterans Administration, and finality of the decision of the ABCMR since it has not been shown to be arbitrary, capricious, or unsupported by substantial evidence.
We first address the statute of limitations issue since it is jurisdictional, and we regard it as dispositive of the case. This statute requires that failure to bring an action within the 6-year period after the claim accrues will bar it. 28 U.S.C. §§ 2401, 2501 (1976). The question then becomes one of when this claim accrued and could have been sued upon and whether or not a legal disability tolled the statute and extended the time as plaintiff insists.
*645 There are several ways to look at limitations here. Plaintiff has not stated that he was fit for service when discharged in 1955. Assuming then that the claim is for wrongful discharge — plaintiff claims lack of counsel at the time, youthful ignorance, and a lack of understanding of what he was agreeing to in order to effect his desired release from military service — it is clear that plaintiff is far out of time and that his excuses for delay in bringing suit are insufficient. Plaintiffs claim for wrongful discharge accrued on his discharge, October 28, 1955, and he had 6 years thereafter in which to bring this action—no more. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974). This determination has been consistently affirmed for many years by the court in many cases.
It is required that a person being discharged from the military for disability is entitled to a retiring board to determine whether he is in fact disabled and if so to what extent and whether the disability is service-connected. If a retiring board is not provided, then limitations do not start to run until there has been consideration by a board competent to grant or deny the claimed relief. Friedman v. United States, 159 Cl. Cl. 1, 310 F.2d 381 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963). The facts here demonstrate that plaintiff was offered a hearing before a retiring board but rejected it. If we ignore this fact and ignore that he was certified as competent to know what he wanted and what he was doing at the time, and if we give full credence to plaintiffs claim in his affidavit that he did not knowingly waive his rights and was not advised of them, then we come to the proposition that the limitations did not start to run until a competent board did consider his case, namely, the ABCMR on August 28, 1970. Friedman v. United States, supra; Harper v. United States, 159 Ct. Cl. 135, 310 F.2d 405 (1962). Otherwise, the appeal to the ABCMR would not have been tolled, and the cause of action would have accrued in 1955 instead of in 1970. Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977); Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977). Since, however, the board’s decision was over 10 years ago, plaintiff again is defeated by the 6-year statute of limitations unless he can meet his burden to show that the *646 board’s decision was unlawful or that again limitations were tolled in some manner.
Plaintiff relies on that portion of 28 U.S.C. § 2501 (1976) which states:
A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.
Plaintiff states by affidavit that about 2 months after his discharge from the Army in 1955, he began purchasing illegal drugs, such as heroin, and thereafter was addicted until about September 28, 1978, when he enrolled in a rehabilitation program in Maryland. Plaintiff further attests that, to support his addiction, he was engaged in criminal activities for whch he was convicted and served extensive prison time in Maryland and North Carolina. He sets forth 10 such convictions and sentences between 1957 and 1976 and states that his parole supervision did not end until September 15, 1980. He also says that he continued to purchase narcotics while in prison. His affidavit denies any hallucinations prior to Army service and denies the accuracy of statements concerning his mental health set forth in the reports of his examinations by Army psychiatrists. He denies having told the doctors of hallucinations to support his strong desire to be released from military service. He admits that he did not advise the ABCMR of his drug addiction when he applied to it in 1970. The implication of these allegations is that plaintiffs claim should not be barred by limitations since he was incapable of exercising his rights either before the ABCMR or within 6 years thereafter because of "legal disability” arising from his mental incapacity and drug addiction, and, further, that the board decision should be set aside as arbitrary, capricious, contrary to law, and a mere rubber stamp of what the Army had determined in 1955 and later on review by the Surgeon General in 1970 for the board. Disputing facts as found by the ABCMR and by the Army, plaintiff asks for the opportunity to establish by trial his claim of legal disability, arising from service-connected mental illness at the time of his discharge. We do not find his claim to have any merit.
*647 Plaintiffs drug addiction and incarceration for various crimes for which he received sentences in excess of 20 years is advanced as evidence of his impaired mental functioning at the times critical here. At the time of his Army discharge and at all other times he was seeking administrative relief, he did not divulge any narcotic addiction nor was it established by physical examinations by the Army. He did serve time and used illegal drugs before and during his military service, but this was not advanced by him as a basis for his request to be discharged from his military obligation. Incarceration, of course, does not by itself toll the statute of limitations as a legal disability under 28 U.S.C. § 2501 (1976). O’Callahan v. United States, 196 Ct. Cl. 556, 451 F.2d 1390 (1971); Grisham v. United States, 183 Ct. Cl. 657, 392 F.2d 980, cert. denied, 393 U.S. 843 (1968). Nor is drug addiction a legal disability such as would toll the statute of limitations where plaintiff could not show he was incapable of understanding the nature of his discharge. Cochran v. United States, 205 Ct. Cl. 876 (1974). Of course, plaintiff says he was not able to understand it and that he should have a chance to establish this disputed fact by trial and to show that his illness was service-connected. We would consider such an effort a waste of judicial resources at this late date. Plaintiffs claim is inherently unbelievable and all he really has to support it is his self-serving affidavit made for his lawsuit and dated January 15, 1981.
Plaintiff was certified as mentally competent when he applied for and received a military discharge in 1955. True, his mind was impaired by illness which pre-existed his military service, but it was not aggravated by his brief service nor did it impair his understanding. It only impaired his performance of duty. The illness, which he had concealed from military authorities at the time of his induction, did not prevent his making a request in 1958 for benefits from the Veterans Administration nor his appeal to the ABCMR in 1970. This is persuasive evidence that he could have brought suit as well. Warner v. United States, 225 Ct. Cl. 717 (1980); Goewey v. United States, 222 Ct. Cl. 104, 612 F.2d 539 (1979). There is simply no evidence on the record to support an instance of legal disability, such as *648 would toll limitations, even construing plaintiffs claim in the light most favorable to him.
We have extended this discussion only because plaintiff initially proceeded pro se, and we are sensitive to the possibility in such instances that some procedure or right might have been violated without being adequately advanced. Plaintiff is, however, presently represented by able counsel, who has now put forward the best possible case for plaintiff, but the facts cannot be overcome by plaintiffs making an affidavit, over 25 years after the basic event, denying all of his earlier admissions. Construing limitations in the light most favorable to plaintiff and giving him the benefit of any doubt that the statute started to run before his 1970 application to the ABCMR, he still cannot prevail because he is out of time. We do not find it necessary to reach the other issues raised by the parties.
it is therefore ordred that, upon consideration of defendant’s motion for summary judgment and plaintiffs opposition thereto, and the supporting briefs and exhibits, but without oral argument, defendant’s motion is allowed. The petition is dismissed.