**Robert E. DZIALO**

v.

**The UNITED STATES.**

No. 492–80C.

United States Court of Claims.

May 5, 1982.

John A. Everhard, Washington, D. C., atty. of record, for plaintiff.

Colvin W. Grannum, Washington, D. C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, and KASHIWA and BENNETT, Judges.

ON DEFENDANT'S MOTION FOR SUM-
MARY JUDGMENT AND PLAIN-
TIFF'S CROSS–MOTION FOR SUM-
MARY JUDGMENT

BENNETT, Judge:

This military pay case is submitted to the court on cross-motions for summary judgment by the parties. Plaintiff, a former captain in the United States Marine Corps, was involuntarily discharged from active duty on June 30, 1978, after having been twice passed over for promotion to the rank

of major. 10 U.S.C. § 6382(a) (1976) (current version at 10 U.S.C. § 632 (Supp. IV 1980)). Subsequently, at various times before the Board for Correction of Naval Records (BCNR or the board), plaintiff sought to have his selection folder corrected, his nonselections for promotion removed therefrom and promotion to the rank of major. After failing to receive satisfactory relief from the BCNR, he filed a petition in this court on September 9, 1980. The instant motions followed. By his petition, plaintiff requests that this court grant him disability retirement pay or, in the alternative, reinstate him to the rank of captain with appropriate back pay and allowances. Defendant would have us dismiss plaintiff's claim for disability retirement pay and affirm the decisions of the BCNR.

Plaintiff was first passed over by a major selection board on July 7, 1976. As a result, on October 15, 1976, he sought relief from the BCNR, asserting that a fitness report covering the period November 1, 1971 to March 6, 1972, had been missing from his folder considered by the selection board. Plaintiff alleged that the report was highly complimentary to him and that its absence from his selection folder had been prejudicial to him. Plaintiff requested that the board remove all evidence of his nonselection to the rank of major from his records.

Thereupon, the BCNR undertook an investigation of the facts involved in plaintiff's application for relief. As part of this investigation, the Marine Corps forwarded to the BCNR an advisory opinion stating that a copy of the disputed report had been provided to the 1976 major selection board. After reviewing this advisory opinion and plaintiff's response thereto, the board, on January 26, 1977, denied plaintiff's application.

On May 23, 1977, plaintiff requested reconsideration of his application for relief. He offered two grounds in support of this request. First, he alleged that a fitness report covering the period March 1968 to April 1968 had been missing from his selection folder. Second, he argued that his selection folder failed to contain informa-

tion indicating that he had been granted a waiver of his rotation tour date in 1971. Again contending that these omissions were prejudicial to his chances for promotion, plaintiff renewed his request that his 1976 passover be voided. However, upon review, the board, on October 11, 1977, denied this request, stating that insufficient evidence had been presented to show probable material error or injustice.

On September 13, 1977, plaintiff was passed over for a second time by a major selection board. Shortly thereafter, on January 17, 1978, he renewed his previous applications to the BCNR. This time plaintiff challenged the validity of seven fitness reports which were part of his selection folder. He also contended that his request for a humanitarian transfer dated May 13, 1968, and a fitness report brief dated June 23, 1977, were improperly in his selection folder which had been considered by the 1976 and 1977 major selection boards. Plaintiff requested that several corrective measures be taken, including the removal from his selection folder of his request for a humanitarian transfer and evidence of his two passovers.

It was during the BCNR's investigation of this latest application that plaintiff was separated from the Marine Corps because of the two passovers for promotion. On July 24, 1978, the board concluded that relief should be granted only with respect to a fitness report covering the period June 30, 1971 to September 24, 1971. This report contained comments which were adverse to plaintiff and, in accordance with Marine Corps regulations, should have been referred to him for his comment. However, the board declined to void the two promotion passovers on the ground that plaintiff would not have been promoted even with his corrected record. On September 11, 1978, plaintiff was informed that the Secretary of the Navy had approved the BCNR's decision.

On February 21, 1979, this court decided *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804 (1979). In reliance upon the *Sanders* decision, plaintiff once more requested

the BCNR to reopen his case and remove from his file evidence of the 1976 and 1977 major selection boards' decisions not to select him for promotion. This request was denied on December 5, 1979. Plaintiff filed his petition in this court 9 months later.

Before the court, plaintiff alleges for the first time that at the date of his discharge he was suffering from psychoneurosis, hay fever, migraine headaches and neck and back pain; that such physical disabilities rendered him unfit for military service; and that he was entitled to be retired for physical disability pursuant to 10 U.S.C. § 1201 (Supp. IV 1980), rather than discharged. Alternatively, plaintiff contends that his discharge was illegal in that his records before the 1976 and 1977 major selection boards were incorrect, inaccurate and incomplete in various specifics, thereby voiding his two passovers. He alleges that the refusal of the BCNR to make the desired corrections to his records was arbitrary, capricious, unsupported by substantial evidence and contrary to law and regulation.

Defendant challenges the propriety of plaintiff's claim for physical disability retirement pay, arguing that his suit is premature because he has not exhausted his administrative remedies since this claim has never been reviewed by the appropriate physical disability review board. Alternatively, defendant argues in its brief that any disability retirement claim has been waived because of plaintiff's failure to assert it during his hearings before the BCNR. Defendant also asks that we affirm the decisions of the board, stating that they are fully supported by the evidence.

■ We have heard oral argument in this case and have examined the briefs, the BCNR decisions, the administrative record and each of the pertinent documents and exhibits. With respect to plaintiff's discharge from the Marine Corps, we find that the record does not demonstrate that the decisions of the BCNR were in any way arbitrary or capricious. In one form or another, the board considered plaintiff's claims four times. Our review of the rec-

ord indicates that the board had substantial evidence in each instance to reject these claims. Plaintiff has not shown that the board's decisions were improper and therefore we accord them finality. *Sanders*, 219 Ct.Cl. at 298, 594 F.2d at 811.

■ We also agree with defendant that plaintiff's claim for physical disability retirement pay is premature since plaintiff has failed to demonstrate that he has exhausted his administrative remedies with respect to this claim. This court has consistently held that, before a person can bring suit in this court for disability retirement pay, he must first exhaust his administrative remedies. *McAulay v. United States*, 158 Ct.Cl. 359, 361, 305 F.2d 836, 839 (1962), *cert. denied*, 373 U.S. 938, 83 S.Ct. 1543, 10 L.Ed.2d 693 (1963); *see Warner v. United States*, Ct.Cl. No. 223–80C (order entered November 7, 1980). Plaintiff concedes that his disability retirement claim has never been considered by a physical evaluation or disability review board or council, and that in his several applications to the BCNR he did not make reference to retirement for disability. However, he maintains that his disability retirement claim has accrued and is properly before this court. He argues that his medical records are replete with references to his physical problems, yet he was effectively denied a hearing before a physical evaluation board because defendant, by its final physical examination of plaintiff, found him physically fit rather than determining that his condition warranted referral to a medical board. We reject this argument. We are shown no evidence in the record that plaintiff's alleged infirmities ever impaired his ability to perform the duties of his position prior to his discharge. Nor is there evidence that he ever directly notified the Marine Corps that he believed that he was entitled to disability retirement. Navy regulations require a service member, at the time of his separation physical, to identify any conditions which might render him physically unqualified for separation. United States Navy Manual of the Medical Department ¶ 15–48 (1979). In the absence of

any readily diagnosable physical condition, the Navy cannot be held at fault for not referring plaintiff to a medical board, particularly where plaintiff did not voice any complaints at the time.

■ Where a claimant, however, does not know that he is ill or does not appreciate the serious character of his disability until after he has been separated from the military, application to the correction board becomes the mandatory administrative remedy. *Friedman v. United States*, 159 Ct.Cl. 1, 19, 24, 35, 310 F.2d 381, 392, 396, 402 (1962), *cert. denied sub nom. Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Under the circumstances of this case, this was plaintiff's proper course of action.[1] No claim accrues in this court until there has been an administrative determination of his right to retirement for physical disability. *Friedman*, 159 Ct.Cl. at 18, 310 F.2d at 392; *Harper v. United States*, 159 Ct.Cl. 135, 138, 310 F.2d 405, 406 (1962). Defendant's reply brief states its agreement with plaintiff that whether plaintiff was fit for duty on the date of his discharge is a disputed issue of fact. That issue, therefore, cannot be disposed of by summary judgment at this time.

■ Accordingly, we deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment with respect to plaintiff's challenge to the validity of the decisions of the Board for Correction of Naval Records and dismiss that portion of plaintiff's petition. With respect to plaintiff's claim for physical disability retirement pay, we remand it to the Board for Correction of Naval Records[2] for consideration on the merits pursuant to

Rule 149.[3] Court proceedings are suspended for not to exceed 6 months and plaintiff is designated as the reporting party pursuant to the rule.

---

1. At oral argument, defendant stated that it was the position of the Marine Corps that plaintiff's claim for physical disability retirement pay should be presented to the Board for Correction of Naval Records.

2. Normally, a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it. *Doyle v. United States*, 220 Ct.Cl. 285, 311, 599 F.2d 984, 1000 (1979), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). However, at oral argument, defendant conced-

ed its waiver argument, assuring the court that plaintiff's claim will be considered on the merits by the board if remanded to it.

3. In view of our disposition of plaintiff's claim for physical disability retirement pay, plaintiff's motion to strike portions of defendant's reply brief is denied as mooted. We note, however, that under the rules of this court, only pleadings and evidence, and not portions of a legal brief, are subject to a motion to strike. Ct.Cl. Rules 38(e)–(f), 42(c), 123(e)(2).