This pro se case is before the court on defendant’s motion for summary judgment and plaintiffs motion for judgment on the pleadings, which we deem it to be a cross motion for summary judgment. After careful consideration of the parties’ submissions and without oral argument, we grant the defendant’s motion and deny the plaintiffs cross-motion.
Plaintiff is a former Army enlisted man who was discharged for unsuitability with the issuance of a General Discharge Certificate on December 24, 1969. Subsequently, plaintiffs discharge was upgraded to fully honorable by the Army Discharge Review Board. At present, plaintiff is incarcerated as a sentenced prisoner in the Virginia State Penitentiary.
In the petition filed April 24, 1981, plaintiff alleges that at the time of his separation in 1969, he was unfit for further military service by reason of an amnesic condition alleged to have arisen from a wound suffered in Vietnam in March of 1968. Plaintiff further alleges that the foregoing amnesic condition was negligently treated by the Army with the result that instead of being retired for physical disability, plaintifff was discharged for unsuitability. As relief, plaintiff seeks correction of his military records to reflect his retirement for physical disability in lieu of separation for unsuitability and back disability retired pay.
Plaintiffs claim for disability retirement has not been presented to or considered by the Army Board for Correction of Military Records (abcmr).
During the plaintiffs pre-discharge process in late 1969, a psychiatric evaluation of the plaintiff was conducted by the Army. During the psychiatric evaluation interview, plaintiff apparently recounted a history of several amnesic episodes beginning in Vietnam. In his report, the psychiatrist stated that the validity of plaintiffs report could not be certified. He opined, however, that the narrative gave good evidence of a dissociative phenomenon having oc *1046 curred. The psychiatrist further ventured that the dissociative phenomenon might be a protective mechanism from the trauma and experiences of Vietnam. The psychiatrist concluded, however, that plaintiffs speech was rational and coherent, his emotional reactions were not unusual, and there was no overt evidence of any dissociative phenomenon occurring during the interview. He further concluded that plaintiff was mentally able to understand the nature of the impending discharge board proceedings for unsuitability, and to testify in his own behalf; that he was mentally able to distinguish right from wrong, and to adhere to the right; that he met the mental retention standards prescribed by Army regulation; and that there was no mental disease or defect.
Shortly after discharge, on May 4, 1970, plaintiff was examined by the Veterans Administration (VA) for possible medical disability based on his being wounded in Vietnam. In the VA’s Report of Medical Examination for Disability Evaluation, plaintiff stated that his legs were giving him "considerable trouble” since his Vietnam wounds. He made no mention of any amnesia or other psychiatric problem, and the examining doctor found no psychiatric or personality problem.
In January, 1974, plaintiff was again examined by the VA based on his complaint of a leg and prostate problems and again no mention was made of psychiatric problems as a basis of disability; nor were any found by the examining physician.
In April, 1975, following his incarceration, plaintiff was examined by the Medical Department of the Virginia State Penitentiary and, while his being wounded in Vietnam was noted, no entry was made indicating any psychiatric problem.
In January, 1978, at his own request, plaintiff was evaluated by a psychologist with the Virginia Department of Corrections. At that time the psychologist reported that plaintiff "acknowledged no medical or psychological complaints, and exhibited no signs of mental disorganization.” Plaintiff apparently stated during this evaluation that he sometimes suffered from a memory loss, but the examining psychologist opined that there were "no signs of memory *1047 impairment.” Additional examinations by physicians and psychologists in 1979 and 1980 fail to show signs of plaintiffs alleged illness.
On July 10,1979, plaintiff applied to the Army Discharge Review Board asking that his general discharge be changed "to either a medical or honorable discharge.” On February 25, 1981, the Board upgraded plaintiffs discharge from general under honorable conditions to fully honorable. In its findings, the Board rejected plaintiffs unsupported statements that he experienced lapses of memory and was under psycho-therapy counseling within the penitentiary.
The defendant, however, contends that the plaintiffs claim is barred by both the statute of limitations set forth in 28 U.S.C. § 2501 (1976) and the doctrine of laches. In the alternative, if plaintiffs claim is barred by neither the statute of limitations nor laches, then the claim has not accrued and the petition should be dismissed because the plaintiff has not exhausted the administrative remedies.
We grant the defendant’s motion based on plaintiffs failure to exhaust the administrative remedies.
Under a long line of military disability retirement cases, this court has held that a claim does not accrue until a proper board has refused to hear plaintiffs claim. Friedman v. United States, 159 Ct. Cl. 1, 13, 310 F.2d 381, 389 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963); Harper v. United States, 159 Ct. Cl. 135, 138, 310 F.2d 405, 406 (1962). And, if a retiring board (or its equivalent) has not been had or requested, then the statute of limitations does not start to run until a correction board (such as the abcmr) has acted. Friedman v. United States, supra, at 18, 310 F.2d at 392; Harper v. United States, supra, at 138, 310 F.2d at 407; Fletcher v. United States, 217 Ct. Cl. 701, 702 (1978); Duvall v. United States, 227 Ct.Cl. 642 (1981). Even where the plaintiff had declined or waived an offer to appear before a retiring board, the statute of limitations does not always start to run. Harper v. United States, supra, at 138, 310 F.2d at 406-407; Duvall v. United States, supra. In addition, we do not feel the doctrine of laches is appropriate for this case. As we stated in Devine v. United States, 208 Ct.Cl. 998, 1000 (1975) "* * * [t]he *1048 liability of laches as a defense must be determined on a case-by-case basis.”
As to exhaustion of administrative remedies, this court has consistently held that plaintiffs seeking military disability retirement must first exhaust their administrative remedies at the ABCMR when they have not previously been denied consideration for such retirement.[1] McAulay v. United States, 158 Ct. Cl. 359, 361, 305 F.2d 836, 838 (1962), cert. denied, 373 U.S. 938 (1963); Friedman v. United States, supra, at 19, 310 F.2d at 392; Dzialo v. United States, 230 Ct. Cl. 506, 510, 677 F.2d 873, 875 (1982).
it is therefore ordered that defendant’s motion for summary judgment be and is hereby allowed and plaintiffs cross motion for judgment on the pleadings be and is hereby denied. The petition is hereby dismissed without prejudice.

 Plaintiffs application to the Army Discharge Review Board was not an exhaustion of administrative remedies. The Board is only empowered to change a discharge or dismissal, or issue a new discharge such as upgrading the plaintiffs discharge in the instant case. 10 U.S.C. § 1553(b) (1976). The Board, however, cannot act on matters such as correction of military records. See Longhine v. United States, 230 Ct. Cl. 920 (1982).