Ronald E. JAMISON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 202–85C.

United States Claims Court.

Dec. 19, 1985.

Ronald E. Jamison, pro se.

John S. Groat, with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant; David M. Cohen, Director, and Sandra P. Spooner, Asst. Director, Washington, D.C., of counsel.

OPINION ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

Plaintiff, an Air Force veteran discharged in 1979, seeks payment of disability retirement benefits from the date of his discharge. Defendant has moved to dismiss the petition on the ground that the 6-year statute of limitations for bringing suit, 28 U.S.C. § 2501, bars the action. Alternatively, defendant seeks summary judgment on the basis that plaintiff's claim is barred, as *res judicata*, by a 1984 decision of the Claims Court adverse to plaintiff. *Jamison v. United States*, 5 Cl.Ct. 747 (1984), *aff'd mem.*, 765 F.2d 159 (Fed.

Cir.1985) (*Jamison I*). Plaintiff has not responded to defendant's motion.

### Statement

Defendant relies for its facts in support of its motion on the allegations of the complaint, on an affidavit, on the facts determined by the court in *Jamison I*, and on the administrative record filed by defendant in that action.

The record shows that plaintiff entered on active duty with the United States Air Force on April 1, 1970. In 1978, while stationed at Kadena Air Base, Okinawa, plaintiff was subjected to nonjudicial punishment for two instances of unauthorized absence and was ordered to forfeit $500 of pay. His appeal from that action was denied by the base commander's superior.

In January 1979, plaintiff underwent psychiatric evaluation and was diagnosed as suffering from a personality disorder. His unit commander thereupon recommended his discharge for unsuitability. He was notified of his pending administrative discharge and offered counsel and an opportunity to appeal the discharge to an administrative review board. On January 29, 1979, plaintiff acknowledged that counsel had been made available and waived his appeal on condition that he be administratively discharged with an honorable discharge certificate. On March 26, 1979, the base commander having accepted the condition, plaintiff was honorably discharged.

On April 26, 1979, plaintiff applied to the Air Force Board for the Correction of Military Records (Correction Board) to expunge an Airman Performance Report from his record. The Correction Board returned the application without action as the report already had been removed. Plaintiff again applied to the Correction Board on June 19, 1979, for review of his discharge, seeking to "remove unsuitability label" and to change his reenlistment code. The record is unclear, but it appears that the Correction Board notified him on April 29, 1980, that it would take "no corrective action." Although plaintiff states in his complaint that he also applied to the Correction

Board for, and was denied, disability retirement on May 29, 1980, an affidavit by a qualified officer states that a search of Air Force and Correction Board records has turned up no record of any such disability claim or proceeding relating to plaintiff.

On February 11, 1983, plaintiff filed the complaint in *Jamison I* seeking reinstatement and back pay and arguing that his administrative discharge was procedurally defective. He also sought rescission of the nonjudicial punishment and refund of the $500 in pay which he had forfeited. However, he did not claim disability or disability retirement benefits in that suit. On August 13, 1984, the court ordered dismissal of the complaint on the ground that there was no evidence which would permit the court to conclude that plaintiff was entitled to any of the relief sought. *Jamison I, supra.*

Plaintiff filed the complaint in the present case on April 9, 1985.

### Discussion

#### A. *Statute of Limitations.*

█ The government's argument that the complaint should be dismissed because it was filed more than 6 years after the claim first accrued is based on the premise that the claim accrued on March 26, 1979, the date of plaintiff's discharge. This premise is incorrect. A claim for disability pay does not accrue until a retirement board (or equivalent) or correction board has actually considered and rejected such claim or the military branch has expressly denied the plaintiff the opportunity to present his disability claim to such board. *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied sub. nom. Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963); *Skopic v. United States*, 178 Ct.Cl. 202, 203 (1967); *Miller v. United States*, 175 Ct.Cl. 871, 879, 361 F.2d 245, 249 (1966); *Caravella v. United States*, 9 Cl.Ct. 280 (1985); *Stone v. United States*, 4 Cl.Ct. 250, 259 (1984). In *Friedman*, 159 Ct.Cl. at 13, 310 F.2d at 389, the court stated:

The court has consistently held that Congress has entrusted the military boards with the task of determining whether a serviceman should be retired for disability and therefore that no cause of action arises (and the statute of limitations does not run) until a proper board has acted or declined to act. * * * [W]here an administrative decision is mandatory the claim is not ready for suit until such a decision is had or is excused. That is the condition precedent to the accrual of the cause of action. Mere release from active duty without a Retiring Board (or request for one) or without disability retirement pay is not enough to start the limitations running.

The court summarized and reiterated its prior holdings with respect to the accrual of disability retirement claims for purposes of the statute of limitations as follows (*id.*, 159 Ct.Cl. at 24, 310 F.2d at 395–96):

> (*a*). The judicial claim for disability retirement pay does not accrue on release from active duty but rather on *final* action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a request for such a board).

> (*b*). Normally, the Retiring Board is the proper board, but where the claimant has not had or sought a Retiring Board, his claim does not accrue until final action by the Correction Board (which in that instance stands in the place of the Retiring Board as the proper tribunal to determine eligibility for disability retirement).

And (*id.*, 159 Ct.Cl. at 35, 310 F.2d at 402):

> [A] decision by the Correction Board does not create a *new* claim * * * where a Retiring Board has not been had or requested, the claim * * * does not accrue until final denial by the Correction Board; in that event, the Correction Board action does not create a new claim but simply ripens or accrues the plaintiff's single claim.

And *see also Dzialo v. United States,* 230 Ct.Cl. 506, 510–11, 677 F.2d 873, 875–76

(1982); and *Harper v. United States,* 159 Ct.Cl. 135, 310 F.2d 405 (1962).

Defendant argues that because plaintiff was administratively discharged from the Air Force the period of limitations began to run from the date of his discharge, citing *Ramsey v. United States,* 215 Ct.Cl. 1042, 578 F.2d 1388 (1978), *cert. denied,* 439 U.S. 1068, 99 S.Ct. 836, 59 L.Ed.2d 33 (1979). But *Ramsey* did not involve a claim for disability benefits, and the court made a point of distinguishing between the accrual of a claim for wrongful discharge, where the crucial date is that of the serviceman's removal, and the accrual of a claim for disability benefits, where the significant date is that of the action of the first competent board.

A case may, of course, be presented wherein the nature of the serviceman's discharge precludes any award for disability benefits, and, accordingly, if the time for contesting the discharge has accrued and expired without challenge, it may be contended that the time for claiming disability benefits has likewise passed. But this is not such a case. Air Force Regulation 35–40 (12 September 1980) states:

> 1–3. *Who is Eligible for Disability Evaluation.* All Air Force members are eligible for disability evaluation under this regulation, with these four exceptions:

> a. *Members Under Court-Martial (CM) Charges.* A member who is charged with one or more offenses that may result in dismissal or a punitive discharge by a court-martial is not processed under this regulation. * * *

> b. *Members Sentenced to Dismissal or Punitive Discharge.* A member who is under a court-martial sentence of dismissal or punitive discharge is not processed under this regulation, unless the sentence is suspended and the member's physical or mental defects warrant review by a medical board and PEB. * * *

> c. *Cadets.* A cadet at the United States Air Force Academy (USAFA) is not eligible for disability processing according to 10 U.S.C. 1217.

d. *Member's Who are Not on Extended Active Duty (EAD)* These members are not eligible for disability evaluation * * *.

Since under these regulations it is clear that plaintiff remained eligible for disability benefits, his claim was not barred 6 years from the date of his discharge but remains viable for 6 years after the Air Force affords him a competent retiring (or similar) board to evaluate his disability claim.

Defendant argues next in support of its motion that plaintiff's date of discharge is the pertinent date to start the running of the period of limitation because "Mr. Jamison's discharge for *unsuitability* necessarily followed a determination regarding his *fitness* for duty, *i.e.,* whether he was 'qualified for worldwide duty.' " [Emphasis added.] From this, defendant concludes, "Mr. Jamison obviously was 'properly alerted' to the Department of the Air Force's position that his medical condition did not constitute a disability making him unfit for duty under 10 U.S.C. §§ 1201–21, but rather that his condition resulted in his being unsuitable for service under AFM 39–12."

According to defendant, the *Friedman* court held such awareness causes the claim to accrue upon discharge. This is a misreading of the rule. The Court of Claims stated (*Friedman,* 159 Ct.Cl. at 34–35, 310 F.2d at 402) (citations omitted):

Congress has allowed many servicemen a very long time in which to seek retirement pay and has not insisted that the application be made at or upon release from service. * * *

On the other hand, those servicemen who were sufficiently alerted to the possible existence of a disability *to ask for or appear before a Retiring Board* will properly be cut off after six years from that time; *their request for (or appearance before) a Retiring Board would normally put them on adequate notice of the existence of their claim.* [Emphasis added.]

The court did not say that either awareness of a medical condition, or knowledge of the service's adverse position to the service member's eligibility for retirement, causes the claim to accrue. The test is whether the claimant *pursued* a necessary administrative determination, either by *asking* for or *appearing* before a board. The claim accrues "from that time", *i.e.,* the denial, not the awareness. Plaintiff here was discharged under a non-medical procedure; his knowledge of his personality disorder and of the Air Force's decision that he was fit for duty does not constitute the affirmative pursuit of a retiring board contemplated in *Friedman.*

Defendant relies on two decisions of this court: *Stampados v. United States,* 8 Cl.Ct. 684 (1985) and *Gerber v. United States,* 2 Cl.Ct. 311 (1983). *Stampados* is not in point. There the court found that the plaintiff's application to the Air Force Correction Board, which was denied on June 16, 1966, sufficed as a request for a determination of his eligibility for disability retirement benefits. Accordingly, the court ruled (8 Cl.Ct. at 688):

Any cause of action he may have had for failure to award disability retirement accrued on June 16, 1966, at the latest. The statute of limitations began to run then and expired in 1972. The complaint filed here in 1984 is barred and the court has no jurisdiction.

In *Gerber,* despite the fact that the first determination of plaintiff's disability claim by a proper board (a correction board) took place within 4 years of the bringing of suit, the court held that the plaintiff was barred because at the time of his discharge, 20 years earlier, plaintiff was aware both of his disability and a medical board's determination that he was fit for duty. However, the decision appears to be contrary to the rationale of *Friedman,* and I respectfully decline to follow it.

■ The record shows, as does defendant's affidavit, that plaintiff has never asked for or appeared before a retiring or correction board regarding his claim for disability retirement benefits. Accordingly, plaintiff neither received a final determination by a board, nor sought and was

denied a board; and his action for disability benefits has not yet accrued and is not barred by the statute of limitations.[1] Plaintiff's waiver of a hearing by an administrative discharge board from his unit commander's recommendation for administrative discharge for unsuitability also has no bearing on the issue in the absence of any act on his part to seek disability pay. It is probable that any claim for disability would have been beyond the scope of such a hearing in any event.

### B. *Res Judicata.*

■ For the same reason, *i.e.*, that plaintiff's claim has yet to accrue, the prior decision of the Claims Court granting summary judgment to the government on plaintiff's claim to overturn his discharge and reinstate him with back pay is not a bar to the present claim.

■ The doctrine of *res judicata,* or claim preclusion, provides that a plaintiff who has received a judgment on a claim may not thereafter maintain another action on that same claim or any part thereof, including issues which were not but could have been raised as part of the claim. *See Container Transport International, Inc. v. United States,* 199 Ct.Cl. 713, 717, 468 F.2d 926, 928 (1972); *Stone v. United States,* 4 Cl.Ct. 250, 263 (1984). Defendant contends that the present suit is part of the same "claim", *i.e.*, for monetary benefits, and that it arises from the single transaction, *i.e.*, his discharge; therefore, the failure to assert this form of relief in the prior suit should forever bar the claim.

■ The doctrine, however, has no application where the claim could not properly have been asserted in the prior action. As the *RESTATEMENT, SECOND, JUDGMENTS,* § 25, Comment (e), states:

> If the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have

declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Plaintiff had neither sought nor obtained a correction board determination of his eligibility for disability pay. For that reason, the prior court would have had to dismiss the claim for lack of ripeness in that plaintiff had not obtained a necessary administrative determination. Under the reasoning in *Friedman,* Congress' entrustment of this decision to the board precludes the Claims Court from substituting its opinion for that of the board. Even had plaintiff squarely asserted this claim in the prior suit, no determination on the merits would have resulted. Accordingly, the prior judgment cannot bar the current claim. *See Lower Sioux Indian Community v. United States,* 224 Ct.Cl. 458, 464–65, 626 F.2d 828, 830 (1980) (*per curiam*).

### C. *Ripeness.*

■ There being no correction board determination as to plaintiff's eligibility for disability retirement, the claim before this court is premature. While plaintiff alleges that the correction board has denied him this relief, defendant has produced the affidavit of James M. Kinsella, who is counsel for the Air Force in plaintiff's case, to the contrary. He attests that the Air Force has found no record, after diligent search, of any proceeding by the correction board regarding a disability claim. The only application on record makes no reference to disability or medical discharge. Plaintiff has produced no evidence to support his allegation, and a review of the administrative record in the prior proceeding revealed no such application. For purposes of the present motion, it must be concluded that none was made. Accordingly, the plaintiff has not satisfied a condition precedent to accrual of his claim, *i.e.*, a final determina-

---

1. If plaintiff's allegations regarding his request for and denial of disability benefits by the Correction Board are true—as defendant concedes for purposes of this motion—then the cause of action accrued on May 29, 1980 (the date of the Correction Board denial as alleged and conceded), and plaintiff's suit was timely.

302

tion by a retiring or correction board with regard to his eligibility for retirement pay. *Friedman v. United States*, 159 Ct.Cl. at 13, 310 F.2d at 389; *Furlong v. United States*, 138 Ct.Cl. 843, 845–46, 152 F.Supp. 238, 240–41 (1957). The claim is not ripe and the complaint must be dismissed at this time.

Defendant's Motion to Dismiss is granted, and the clerk is directed to dismiss the complaint without prejudice.