868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. KIESER, Plaintiff-Appellant,
v.
SECRETARY Of the NAVY and United States Department of the
Navy, Defendants-Appellees.
 No. 88-1507.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1989.
 
 Before FRIEDMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 On this appeal from an unpublished order by the United States District Court, Middle District of Florida, dismissing the claim of plaintiff-appellant (appellant) for wrongful discharge from the Navy, we affirm under the jurisdictional bar of limitations.
 
 OPINION
 
 2
 In 1945 appellant was honorably discharged from the United States Navy for a physical disability not incurred in nor aggravated by military service. It was not until August 10, 1981, that he challenged the legality of his discharge and asked that it be set aside by the Board for Correction of Naval Records (board). Although the request for review was late, the board, as authorized by 10 U.S.C. Sec. 1552(b) (1982), waived its 3-year limitations period. Upon consideration of the complaint and medical records, the board held that insufficient evidence had been presented to indicate probable error or injustice, and in November 1981 relief was denied.
 
 
 3
 Beginning in 1982 appellant sought various forms of relief in a series of unsuccessful complaints filed with the aforesaid district court. The action giving rise to the present appeal was filed in 1986. On April 6, 1987, that court granted the government's motion to dismiss on seven separate grounds advanced by the government. One of these grounds was that the case was barred by the 6-year statute of limitations, 28 U.S.C. Sec. 2491 (1982). We received the appeal from that judgment on transfer from the Eleventh Circuit.
 
 
 4
 In cases of alleged "wrongful discharge," such as here, a claim starts to run for limitations purposes on the date of discharge. Elizey v. United States, 219 Ct.Cl. 589 (1979). Resort to the Board for Correction of Naval Records is permissive only and does not toll limitations. Indeed, the statute is not tolled here by any circumstances recognized by statute. 28 U.S.C. Sec. 2501 (1982). An unfavorable decision by the board does not revive a claim nor originate a new one. The same is true of subsequent multiple court suits or attempts for further administrative consideration. The statute of limitations is jurisdictional and must be strictly construed. Kirby v. United States, 201 Ct.Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974). Duvall v. United States, 227 Ct.Cl. 642 (1981); Copenhaver v. United States, 225 Ct.Cl. 619 (1980). This claim is stale by at least 35 years.
 
 
 5
 Appellant complains on appeal that the district court did not follow the applicable rules and that the form and substance of the dismissal order deprived him of due process. Accordingly, it was requested that the case be remanded to the trial court for further proceedings. Regardless of whether the case is remanded to the district court or to the Claims Court, it would be a waste of judicial resources, as well as appellant's resources. The court would have to dismiss promptly on the threshold issue of limitations. Our affirmance serves to end the case and avoids the fruitless suggestion of transfer. Bray v. United States, 785 F.2d 989, 993-94 (Fed.Cir.1986).
 
 
 6
 Because we affirm on the jurisdictional issue, we do not reach the other six issues upon which the district court based its order.