Michael B. MARTIN, pro se, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 94–276C.

United States Court of Federal Claims.

Aug. 22, 1994.

Reissued for Publication Aug. 30, 1994.[1]

---

**1.** On August 25, 1994, defendant moved pursuant to RCFC 52.1(b) for publication on the order entered on August 22, 1994.

## ORDER

NETTESHEIM, Judge.

On May 2, 1994, plaintiff filed a Motion for Appointment of Counsel. The court denied the motion on May 10, 1994. On the same day "Defendant's Motion for Reconsideration of the Court's May 10, 1994, Order Denying Plaintiff's Motion for Appointment of Counsel" was filed. Defendant noted that 28 U.S.C.A. § 2503(d) (West Supp.1994), now authorizes the Court of Federal Claims to appoint counsel pursuant to 28 U.S.C. § 1915(d) (1988).

On May 13, 1994, the court granted defendant's motion for reconsideration and vacated the order denying plaintiff's motion for appointment of counsel. On June 24, 1994, defendant moved for and was granted an extension of time until August 5, 1994, within which to simultaneously respond to the motion for appointment of counsel and answer the complaint. Defendant filed its opposition to the motion for appointment of counsel, along with a motion to dismiss the complaint on August 3, 1994.

A court of the United States "may request an attorney to represent any such person [proceeding in forma pauperis] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

■ In order to appoint counsel, the court "must be persuaded that plaintiff has a 'compelling and meritorious' basis for recovery." *Lane v. United States,* 208 Ct.Cl. 955, 956 (1975) (quoting *DeMaris v. United States,* 187 F.Supp. 273, 275 (S.D.Ind.1960)). A facial examination of defendant's opposition shows that plaintiff likely will not be entitled to recover back pay. Without this recovery plaintiff's other prayers for relief will fail for lack of jurisdiction. The court therefore is not persuaded that there is a compelling and meritorious basis for recovery.

■ The appointment of counsel in a civil case is not a right, but a privilege justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993) (citing *Mekdeci v. Merrell Nat'l Labs.,* 711 F.2d 1510, 1522 n. 19 (11th Cir.1983), and *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982)).

■ To determine whether or not circumstances are exceptional, courts examine "the complexity of a case and the ability of the applicant to prepare and present the case." Kevin W. Brown, Annotation, *Appointment of Counsel, In Civil Rights Action, Under Forma Pauperis Provisions (28 U.S.C.S. § 1915(d)),* 69 A.L.R.Fed. 666, 670 (1984).[2] Consideration of these two factors can be taken together.

The case does not present any complexities beyond plaintiff's demonstrated ability to handle them. As there is no right to a jury trial before the Court of Federal Claims, plaintiff will be at no disadvantage regarding his ability to present the case before the judge should it come to trial. There will be no discovery involved regarding the pending motion to dismiss, for when evaluating a motion to dismiss the court may look to the complaint, any subsequent pleadings, and the administrative record, all of which have been filed except for plaintiff's response to the motion to dismiss. *Asbury v. United States,* 30 Fed.Cl. 417, 419 (1994); *Martin v. United States,* No. 94–276C (Fed.Cl. Aug. 5, 1994) (order allowing filing of administrative record). Thus, the level of complexity of this case is low.

The past satisfactory performance of a plaintiff in presenting briefs and motions is an indication that no exceptional circumstances exist requiring the appointment of counsel. *Gorenc v. Salt River Agricultural Improv. & Power Dist.,* 869 F.2d 503, 509

---

2. While 69 A.L.R.Fed. 666 refers to civil rights actions, there is no reason to differentiate between appointment of counsel under 28 U.S.C. § 1915(d) to pursue a civil rights claim, and appointment of counsel under 28 U.S.C. § 1915(d) to pursue any other civil law claim.

(9th Cir.), *cert. denied,* 493 U.S. 899, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989); *Jackson v. Dallas Police Dept.,* 811 F.2d 260, 262 (5th Cir.1986). Plaintiff has demonstrated an ability to present a coherent motion and brief, with understandable legal citations and language.

The lack of a compelling and meritorious claim is one ground for denying plaintiff's motion. Moreover, the relatively low level of complexity of this case, the little foreseeable work left with regard to the motion to dismiss, and the demonstrated competence of plaintiff in presenting the case and subsequent motion fail to create exceptional circumstances which would warrant the appointment of counsel. Accordingly,

**IT IS ORDERED,** as follows:

Plaintiff's motion for appointment of counsel is denied.