**VEDA, INCORPORATED,
Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF THE AIR FORCE; Sheila E. Widnall, Secretary of the Air Force, Defendants–Appellees,**

**RJO Enterprises, Incorporated, Intervening Defendant–Appellee.**

**No. 96–3638.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 2, 1996.

Decided April 11, 1997.

---

Donald W. Fowler (briefed), William J. Cople, III (argued and briefed), Robert J. Symon, Spriggs & Hollingsworth, Washington, DC, for Veda, Inc.

Patrick D. Quinn, Asst. U.S. Attorney (argued and briefed), Dayton, OH, for United States Department of the Air Force, Sheila E. Widnall.

Robert P. Bartlett, Jr., Coolidge, Wall, Womsley & Lombard, Dayton, OH, John R. Tolle, Barton, Mountain & Tolle, McLean, VA, for RJO Enterprises, Inc.

Before: MERRITT, KENNEDY, and GUY, Circuit Judges.

MERRITT, Circuit Judge.

Plaintiff, Veda Incorporated, appeals the dismissal of its action challenging the defendant, Department of the Air Force's award of a contract for support services to a competing bidder. The primary question before us is whether Veda's claim was brought in the appropriate forum. The district court based its decision to dismiss Veda's claim on the conclusion that it lacked subject matter jurisdiction under the Tucker Act, 28 U.S.C. §§ 1346, 1491. We reverse because the Tucker Act does not divest district courts of subject matter jurisdiction over suits against the United States for injunctive relief, and it is injunctive relief, not money damages, that is the gravamen of the instant case.

Defendant, United States Air Force, issued a solicitation in July 1994 for acquisition management, management operations, and test and evaluation support services for its base in Dayton, Ohio. The Air Force awarded plaintiff Veda Incorporated a five-year contract with a minimum guaranteed contract value of $100,000. The contract required Veda to provide an indefinite amount of support services to the Air Force. The Air Force informed intervening defendant RJO Enterprises, Inc., a competing bidder with a lower proposed cost, that its bid had been rejected due to its failure to submit resumes for all proposed personnel. RJO Enterprises successfully protested its failed bid to the General Accounting Office, which found that the Air Force's solicitation did not require the submission of resumes for all personnel. The General Accounting Office recommended that the Air Force amend its solicitation to clearly require the submission of resumes and then solicit revised proposals before making new awards or terminate the award to Veda and make the award to RJO Enterprises. The Air Force awarded its support services contract to RJO Enterprises and informed Veda that, as it had already exceeded the minimum contract value of $100,000, it would not place any further orders with Veda.

Veda sought judicial review of the Air Force action in federal district court pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702. Veda argued that the Air Force violated relevant portions of the federal procurement statutes and regulations, the Competition in Contracting Act and relevant portions of the Federal Acquisition Regulation. Veda sought: 1) a temporary restraining order and injunction enjoining the Air Force from ordering support services from RJO Enterprises; 2) a declaration that the award to Veda was proper; and 3) a declaration that the

award to RJO Enterprises was unlawful, and therefore null and void.

The Air Force moved to dismiss Veda's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The district court found Veda's action to be within the exclusive jurisdiction of the United States Court of Federal Claims. The court concluded that Veda's requested relief was the equivalent of a suit for monetary damages in excess of $10,000 and dismissed Veda's complaint for lack of subject matter jurisdiction.

■ In challenging the district court's determination, Veda maintains on appeal that the Tucker Act does not divest the district court of jurisdiction to hear its case under 28 U.S.C. § 1331 because Veda did not assert a contract claim for damages against the Air Force but rather is seeking only injunctive relief to enforce statutory rights. This court reviews the issue of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. EPA,* 916 F.2d 317, 319 (6th Cir.1990). Upon review we conclude that the district court erred in dismissing Veda's claim for lack of subject matter jurisdiction.

Generally, the Tucker Act, 28 U.S.C. §§ 1346, 1491, applies to actions against the United States for monetary damages, not injunctive relief, except under 28 U.S.C. § 1491(a)(3), which grants the Federal Claims Court injunctive power in pre-award bid protest cases. The Act gives the Federal Claims Court exclusive jurisdiction over all claims of damages against the United States that are in excess of $10,000 and that are founded upon the Constitution, any Act of Congress, any regulation of any executive department, or upon any express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1) and *Chelsea Community Hosp. SNF v. Michigan Blue Cross,* 630 F.2d 1131, 1136 (6th Cir.1980). The federal claims court has concurrent jurisdiction with the district court over claims that seek $10,000 or less, unless the claim is founded upon a contract with the United States subject to the Contract Disputes Act. 28 U.S.C. § 1346(a)(2). *See also A.E. Finley & Assoc., Inc. v. United States,* 898 F.2d 1165 (6th Cir.1990). This court has previously held

that a party cannot circumvent the act's jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is tantamount to a judgment for money damages. *A.E. Finley & Assoc., Inc.,* 898 F.2d at 1167. This circuit has applied the "primary objective" test from the Tenth Circuit to determine whether a case belongs in federal claims court. *See Barney v. United States Air Force,* No. 94–3744, 1994 WL 696106, at *1 (6th Cir.1994). The test states that if the "prime objective" of the complaining party is simply to obtain money from the federal government, the case belongs in federal claims court. *Eagle–Picher Indus., Inc. v. United States,* 901 F.2d 1530, 1532 (10th Cir.1990). The district court applied this test below and determined that Veda's primary objective claim was "to create a situation in which the Air Force would be forced to order [support] services from it rather than RJO [Enterprises]." J.A. at 131. The court concluded, we believe erroneously, that such an "outcome would clearly result in monetary relief."

Undoubtedly, the conceptual line between damages for loss sustained and specific relief may be obscured by creative pleading, *see Bowen v. Massachusetts,* 487 U.S. 879, 916, 108 S.Ct. 2722, 2743, 101 L.Ed.2d 749 (1988) (Scalia, J., dissenting); *A.E. Finley & Assoc., Inc.,* 898 F.2d 1165 (6th Cir.1990); *Zellous v. Broadhead Assoc.,* 906 F.2d 94, 100 (3rd Cir.1990), but we find the majority opinion in *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) sufficiently clear to avoid confusion in this case. In *Bowen* the Supreme Court considered whether a federal district court had jurisdiction to review a final order of the Secretary of Health and Human Services refusing to reimburse the state for certain expenditures under its Medicaid program. The state filed suit in federal district court claiming that the federal government had wrongfully withheld money owed it under the Medicaid program. The Court held that the state's complaint was not barred by the APA's prohibition on suits for money damages. "The fact that the mandate is one for the payment of money," cautioned the Court, "must not be confused with the question whether such payment, in

these circumstances, is a payment of money as damages or as specific relief." *Bowen,* 487 U.S. at 901, 108 S.Ct. at 2735. Distinguishing between an action for money damages and specific relief, the Court said:

> Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for "the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions." *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as "money damages".

*Bowen,* 487 U.S. at 893, 108 S.Ct. at 2732.

■ Following the majority in *Bowen,* we hold that Veda's action is not one for monetary relief and properly may be heard in federal district court under 28 U.S.C. § 1331 and 5 U.S.C. § 702. The Federal Claims Court does not have the power of a district court to grant prospective, equitable relief. *Bowen,* 487 U.S. at 905, 108 S.Ct. at 2737. Throughout the litigation of this matter Veda has maintained that its primary objective is "to enforce, and thereby uphold the integrity of, the federal statutes and regulations governing the award of contracts by the Air Force." In addition, the complaint Veda filed in this case did not contain a prayer for monetary relief.[1] It merely sets forth a request for declaratory and injunctive relief only.

The Air Force argues that Veda's complaint is a veiled attempt to receive a judgment of money damages from the government. The Air Force maintains that Veda has carefully crafted its complaint so that it requests only equitable relief, even though the effect of the requested relief will perforce result in monetary relief to Veda. We do not agree. Although prevailing in this matter may provide Veda with payment for services at a future time, any money that Veda receives as a result of this action would not constitute "money damages"[2] for purposes of the Tucker Act. *Bowen,* 487 U.S. at 893, 108 S.Ct. at 2731. Assuming that a district court grants Veda's requested relief, the Air Force will have three options: 1) continue ordering services from Veda; 2) resolicit proposals; or 3) order services solely from the other two

1. Veda's complaint requested the following relief:

   Wherefore, Veda Incorporated respectfully requests the Court to grant the following relief:
   "1. Issue a temporary restraining order enjoining defendants, and all agents and representatives of the United States Department of the Air Force, from ordering any [acquisition management, management operations, and test and evaluation] support services from RJO Enterprises, Inc., under the solicitation until the Court hears and decides Veda's complaint for preliminary injunctive relief."
   "2. Issue a preliminary injunction enjoining defendants, and all agents and representatives of the United States Department of the Air Force, from ordering any [acquisition management, management operations, and test and evaluation] support services from RJO Enterprises, Inc. under the solicitation until the Court hears and decides Veda's complaint for permanent injunctive and declaratory relief."
   "3. Permanently enjoin defendants, and all agents and representatives of the United States Department of the Air Force, from ordering any [acquisition management, management

   operations, and test and evaluation] support services under the solicitation from RJO Enterprises, Inc."
   "4. Declare that the Air Force properly awarded Veda Incorporated the [acquisition management, management operations, and test and evaluation support services] contract under the solicitation in accordance with federal procurement statutes, regulations and policies and the terms of the solicitation."
   "5. Declare that the Air Force unlawfully awarded the [acquisition management, management operations, and test and evaluation support services] contract under the solicitation to RJO Enterprises, Inc. in violation of federal procurement statutes, regulations and policies, and the terms of the solicitation, and therefore the [acquisition management, management operations, and test and evaluation support services] contract awarded to RJO is null and void and without legal effect."
   "6. Grant such other and further relief as the Court deems appropriate."

2. The term "money damages" is normally associated with compensation for previous damage or injury, not future payment for services rendered.

awardees under the support services contract. None of these options requires the Air Force to compensate Veda for any damage to Veda's property or reputation. *Bowen*, 487 U.S. at 893, 108 S.Ct. at 2731. Thus, Veda's complaint cannot be seen as an action for damages in substance or form. Moreover, upon specific questioning during oral arguments, counsel for Veda waived any prayer for damages against the Air Force.

In view of the fact that Veda's primary objective in filing suit against the Air Force was not to obtain monetary damages, the district court had subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 and 5 U.S.C. § 702. Accordingly, the district court's dismissal of plaintiff's action is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.