Geeen, Judge,
delivered the opinion of the court:
The plaintiff in his petition alleges in substance that having passed the examination required by the United States Civil Service Commission, he was duly appointed as “junior accountant” in the Engineer Division of the War Department, and after having served his probationary period his appointment was made absolute and permanent in the classified, competitive United States Civil Service on and after June 26, 1931.
Plaintiff further alleges in substance that while he was lawfully away from his place of employment a notice was served upon him by defendant through its agents advising him that he would be discharged as of the close of business October 14, 1931, on account of reduction in force, and that upon return to the office of his employment he found his duties had been assigned to a new appointee. No allegation is made that plaintiff has since performed any services for the defendant but he alleges that his discharge was unauthorized and unlawful and seeks to recover the amount of the salary which the law provides will be paid to a person performing the duties of the position.
This action was commenced by filing the petition on January 2, 1940, and it will be observed that the plaintiff was discharged October 14, 1931. The defendant filed a motion to dismiss the petition on the ground that plaintiff’s action is barred by the statute of limitations and for other reasons.
The plaintiff in his petition 'makes a number of allegations with reference to the conduct of the Government officials, principally to the effect that they in some way kept him in ignorance of his right of action. Among these allegations is one. to the effect that some person or persons in the office of the Civil Service Commission informed him that he had only been suspended and was still employed *308 at the office from which the notice purported to discharge him. The plaintiff had been discharged without prejudice which, as we understand,, meant that he was still eligible for a position under Civil Service rules, but if anyone informed him that he was still in the employ of the Government they made such statement without any authority and the plaintiff must have known this was not a fact as his pay ceased. No duty devolved upon the agents of the defendant to advise plaintiff with reference to his rights and the matters stated in the petition as an excuse for not bringing the suit earlier are entirely immaterial. If the plaintiff had any right to bring suit for his salary, it accrued when the defendant first failed to make payment of his monthly salary and his action is barred by the statute of limitations.
The motion to dismiss must be sustained without considering the other objections to the petition made by the defendant. It is so ordered.
LittletoN, Judge: and Whakey, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case. *