In this military pay case, before us on defendant’s motion for summary judgment, plaintiff seeks $500,000 damages for wrongful discharge from the Army in 1967. We hold that his claim is barred by the statute of limitations.
Plaintiff was a major in the Army Nurse Corps, United States Army Reserve. He began a 6-month period of active duty on May 10, 1965. On the basis of an incident which occurred on July 18,1965, he was separated from the Army and received a General Discharge on February 1, 1967, for personal misconduct and conduct unbecoming an officer. Plaintiff applied to the Army Board for Correction of Military Records (abcmr) for relief, but was denied relief in a decision of April 18,1968.
Plaintiff then sued for reinstatement in the United States District Court for the District of Columbia. The court granted the Government’s motion for summary judgment on November 17, 1971. Plaintiff appealed the district court’s decision but then dropped his appeal in May 1972.
The Army Discharge Review Board (adrb) upgraded plaintiffs discharge to Honorable on March 14,1978, on the ground that the General Discharge was too harsh. Plaintiff filed his petition in this court on December 9,1980.
This court’s jurisdiction is circumscribed by a 6-year statute of limitations, codified at 28 U.S.C. §2501 (1976).
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. [Emphasis supplied.]
*922 A claim for wrongful discharge first accrues on the date of discharge, in this case February 1, 1967. Kirby v. United States, 201 Ct. Cl. 527, 531-32 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 147-48, 391 F.2d 938, 939 (1968), aff’d following remand, 190 Ct. Cl. 925, 421 F.2d 703 (1970). A wrongful discharge is not a continuing claim. Id. Consequently, plaintiffs petition was filed in this court 13 years after his claim first accrued.
Plaintiff argues that his various attempts to overturn the discharge tolled the statute of limitations and that the ADRB decision in 1978 revived the action. Being permissive, however, plaintiffs efforts cannot have this effect. Kirby, 201 Ct. Cl. at 531; Mathis, 183 Ct. Cl. at 148, 391 F.2d at 939; Friedman v. United States, 159 Ct. Cl. 1, 15, 310 F.2d 381, 390 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963). First, even if plaintiffs original appeal to the ABCMR were mandatory and so could toll the statute of limitations, it would not bring the claim within the 6-year period. Second, the action in the district court and court of appeals was permissive and in any case was terminated more than 6 years prior to the petition in this court. Finally, while the ADRB decision would be within the limitations period, it too is permissive and cannot toll the running of the statute or revive the claim. Kirk v. United States, 164 Ct. Cl. 738, 742-43 (1964). Plaintiff also cannot use the ADRB action as a link in a chain of tolling actions because it differs in its nature from the others. The district court action requested reinstatement, the ADRB action requested and received an upgraded discharge (which is all that the ADRB is empowered to do, 10 U.S.C. §1553(b) (1976)), and the petition in this court requests damages for the harm done by the allegedly wrongful discharge.[1]
We do not reach the other defenses raised by defendant’s motion for summary judgment, nor do we express any opinion whatever on the merits of plaintiffs claim.
*923 it is therefore ordered that, without oral argument, defendant’s motion for summary judgment is granted and the petition is dismissed because it is barred by the statute of limitations.

 We do not reach the question but it appears that plaintiffs claims are not of a nature over which this court has jurisdiction. Some sound in tort and others are based on provisions of law which cannot fairly be construed to mandate the payment of money.