**Leverett BURKE and James E. Mole**

v.

**The UNITED STATES**

No. 292–83C.

United States Claims Court.

Aug. 17, 1984.

D. Bruce Hanes, Philadelphia, Pa., for plaintiffs.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

**OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

SETO, Judge.

In this civilian pay case, defendant has moved for summary judgment. The issues involved are whether an administrative appeal tolls the statute of limitations, and what effect a district court opinion has on the tolling of the statute of limitations.

For the reasons set forth below, it is determined that defendant's motion for summary judgment should be granted and that plaintiffs' claims should be dismissed.

FACTS

Leverett Burke and James Mole are officers of the United States Bureau of Customs. They resigned from the Bureau of Customs in 1972 after being the subjects of an investigation into the disappearance of some money. In 1973, they obtained a ruling from the United States Civil Service Commissioner's Board of Appeals and Review that their 1972 resignations were involuntary. They were reinstated and granted back pay. They challenged the back-pay computation before a district court in 1976, but the complaint was dismissed for failure to exhaust administrative remedies. *Burke v. Green*, 422 F.Supp. 350, 358 (E.D.Pa.1976). Plaintiffs then filed claims before the General Accounting Office in 1982. The claims were dismissed as time-barred.[1] Plaintiffs subsequently filed their action before this court on May 6, 1983.

Defendant contends that plaintiffs' claims are barred by the six-year statute of limitations, 28 U.S.C.A. § 2501 (1984). Moreover, defendant asserts that the claims arose no later than October 1974, when the back-pay amounts were received by plaintiffs. All administrative appeals since then have been permissive and, therefore, have not tolled the statute of limitations.

1. Defendant's motion for summary judgment, App. 2–3.

## DISCUSSION

Plaintiffs rely on the opinion in the earlier district court case, *Burke v. Green*, 422 F.Supp. 350 (E.D.Pa.1976), to defend against summary judgment based on the statute of limitations. In that case, plaintiffs and defendant had briefed and argued the issue whether further administrative remedies were mandatory. Defendant's position then was that plaintiffs were required to seek further administrative appeals before seeking judicial review. The district court agreed, and plaintiffs' back-pay claims were dismissed for failure to exhaust administrative remedies. *Green*, 422 F.Supp. at 358.

■ Plaintiffs conceded at oral argument that they had no statutory basis for believing that their administrative appeals were mandatory.[2] Permissive administrative appeals do not toll the running of the statute of limitations. *See, e.g., Burich v. United States*, 177 Ct.Cl. 139, 366 F.2d 984 (1967); *Marr v. United States*, 123 Ct.Cl. 474, 106 F.Supp. 204 (1952), *cert. denied*, 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377 (1953). They argue, however, that the district court's decision made such appeals mandatory, and that the district court's decision is binding on this court.

■ In its opinion, the district court held in the alternative that it lacked jurisdiction over plaintiffs' back-pay claims under 28 U.S.C.A. § 1346(a)(2) (1984). *Green*, 422 F.Supp. at 354–55. As the money claims were for more than $10,000, exclusive jurisdiction lay with the Claims Court under 28 U.S.C.A. § 1491(a)(1) (1984). Because the district court lacked jurisdiction, its decision regarding exhaustion of remedies cannot be binding on this court.

Defendant's behavior throughout this back-pay dispute has been less than exemplary: first arguing to dismiss a claim because a decision had not been appealed administratively, and then, after it had been appealed, arguing that the appeal was permissive and did not toll the statute of limitations. We note Justice Brandeis' warning: "Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example." *Olmstead v. United States*, 277 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting).

■ Plaintiffs, however, have been remiss in bringing their claim before this court so late. Over six years ago, the plaintiffs were put on notice by the district court that it did not have jurisdiction. A protective claim should have been timely filed in the Claims Court.

## CONCLUSION

In view of the foregoing, it is ORDERED that:

Defendant motion for summary judgment is GRANTED and plaintiffs' claims are to be DISMISSED.

IT IS SO ORDERED.

---

**2.** Transcript of oral arguments, March 6, 1984, at 13.