43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. BARNEY, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE; Janet Reno, U.S. Attorney General;
Kent W. Penhallurick, Defendants-Appellees.
 No. 94-3744.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James L. Barney, a pro se Ohio citizen, appeals a district court judgment dismissing his civil complaint seeking to obtain relief pursuant to Title IV of the Career Compensation Act of 1949, now codified at 10 U.S.C. Secs. 1201 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking the correction of his discharge from the Air Force from honorable to medical and damages in the form of back disability retirement pay, Barney sued the United States Air Force Board for Correction of Military Records, the Attorney General of the United States (Reno), and an Assistant U.S. Attorney (Penhallurick). Citing various statutes and the Due Process Clause of the Fifth Amendment, Barney alleged that Air Force officials fraudulently concealed the true nature of a hernia operation he underwent on August 25, 1961, while on active duty with the Air Force. After the operation, Barney was unable to perform the heavy lifting associated with his duties as a Warehousing Specialist and was honorably discharged from the Air Force on October 10, 1961, approximately two years before his four-year enlistment period was up. Barney further alleged that he was not advised of his option to elect medical retirement instead of honorable discharge. Barney underwent a second operation for a recurrent hernia in July 1977. On February 22, 1988, after appealing to Senator Howard Metzenbaum's office, Barney received his medical and service records, at which time he alleged that he first discovered his cause of action. Barney applied for a correction of his military records on June 27, 1990, but the Board for Correction denied the application as untimely filed. His requests for reconsideration were denied on November 15, 1991, and January 14, 1992.
 
 
 3
 The defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and, in the alternative, a motion to transfer this case to the United States Federal Court of Claims. The district court granted the motion to dismiss in a memorandum of opinion filed on June 15, 1994. A separate judgment was entered on June 17, 1994. Barney filed a timely motion for reconsideration, which was denied by the district court's marginal order of July 7, 1994.
 
 
 4
 On appeal, Barney continues to argue the merits of his claim. In addition, he contends that the district court erred in dismissing his complaint on jurisdictional and statute of limitations grounds.
 
 
 5
 Upon review, we affirm the district court's judgment because the district court lacked subject matter jurisdiction over Barney's complaint insofar as it raised non-tort claims, and because the complaint was barred by the applicable statutes of limitations insofar as it raised claims sounding in constitutional law and tort.
 
 
 6
 The district court did not err in finding that it lacked subject matter jurisdiction over Barney's claim insofar as it did not sound in tort. The Tucker Act, 28 U.S.C. Secs. 1346 & 1491, grants concurrent jurisdiction to the district court and the United States Court of Federal Claims over money claims against the United States not exceeding $10,000. New Mexico v. Regan, 745 F.2d 1318, 1322 (10th Cir.1984), cert. denied, 471 U.S. 1065 (1985). For claims against the United States involving amounts greater than $10,000 founded upon the Constitution, Acts of Congress, executive regulations, or contracts, the Act vests exclusive jurisdiction with the Court of Federal Claims. Id.; Chelsea Community Hosp. SNF v. Michigan Blue Cross, 630 F.2d 1131, 1136 (6th Cir.1980). Where the "prime objective" of the plaintiff is to obtain money from the federal government in an amount in excess of $10,000, the Court of Federal Claims' exclusive jurisdiction is triggered. See Regan, 745 F.2d at 1322. It is clear that Barney's complaint, which seeks disability retirement pay since 1961 pursuant to a federal statute, falls within the exclusive jurisdiction of the Court of Federal Claims.
 
 
 7
 To the extent that Barney's due process claim may be construed as a civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of Fed.Bureau of Narcotics, 403 U.S. 388 (1971), it is time-barred. The relevant Ohio statute of limitations for Bivens actions is two years. Friedman v. Presser, 929 F.2d 1151, 1158 (6th Cir.1991). Barney's cause of action accrued on October 10, 1961, when he was honorably discharged from the Air Force. Even if this court were to accept Barney's contention that his claim did not accrue until he received his medical and service records, his complaint was still untimely filed. Barney received his records on February 22, 1988; his application to the Board for Correction was made over two years later on June 27, 1990, and this complaint was filed in the district court on July 29, 1993, well after the limitations period.
 
 
 8
 Insofar as Barney's claim sounds in tort (he appears to allege malpractice on the part of the Air Force surgeon), it is, once again, barred by the statute of limitations established by the Federal Tort Claims Act (FTCA). 28 U.S.C. Sec. 2401(b).
 
 
 9
 Accordingly, the district court's judgment, entered on June 17, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.