**James L. BARNEY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 02–1185C.**

United States Court of Federal Claims.

June 26, 2003.

James L. Barney, Shaker Heights, Ohio, pro se plaintiff.

Michael S. Dufault, Trial Attorney; Bryant G. Snee, Assistant Director; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.; and Robert D. McCallum, Assistant Attorney General, for the defendant. Lt. Colonel P. Christopher Clark, Air Force Legal Services, General Litigation Division, Arlington, VA, of counsel.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

James L. Barney, plaintiff, joined the United States Air Force on November 24, 1959 under a contract of enlistment for four years. On June 18, 1961, Airman Barney was demoted to the rank of Airman Basic for failure to obey an order. During the summer of 1961, Airman Barney underwent surgery for

an inguinal hernia which plaintiff claims arose from military duties that involved "heavy lifting and pulling," after which he was placed on medical leave. On September 14, 1961, Airman Barney returned to active duty.

On September 29, 1961, Major Wagner H. Roberts, Airman Barney's commander, proposed that Airman Barney be recommended for an Honorable Discharge from the Air Force prior to the expiration of his four year term, pursuant to Air Force Regulation (AFR) 39–16. Major Roberts described Airman Barney's attitude as "negative and apathetic," and stated that Airman Barney "failed to grasp the basic essentials of [his] career," after repeated counseling by supervisors. The record reflects that Major Roberts made arrangements for Airman Barney to undergo a medical evaluation prior to his discharge. On September 29, 1961, according to plaintiff's medical records submitted to the court, the Air Force physician, Captain Martin J. Shulman, found Airman Barney to be free of physical or mental defects, which would warrant discharge pursuant to Air Force Manual (AFM) 35–4. Plaintiff also was informed that he would be "given an opportunity to submit a rebuttal and make statements in your own behalf." In his complaint filed with this court, however, plaintiff states he was "denied the opportunity to be examined by a doctor for my groin and low back pain complaints."

In a document submitted in the record by the plaintiff, Airman Barney acknowledged in a typewritten statement, signed by him on October 5, 1961, that "I understand that I have the right to submit statements in my own behalf with regard to my pending Air Force Regulation 39–16 discharge action. I have been fully afforded the opportunity of submitting such statements. I do not desire to submit statements in my own behalf." In his complaint, Airman Barney, however, claims that he was told to sign the documents and was promised copies of the signed documents by Major Roberts. The evaluating officer, like Major Roberts earlier, recommended an Honorable Discharge. On October 10, 1961, Airman Barney was officially and honorably discharged from the Air Force. According to the plaintiff's complaint, he never received his final pay for the ten days served from October 1, 1961 to October, 10, 1961.

The record before the court reflects that, in an application dated June 27, 1990, plaintiff petitioned the Air Force Board for Correction of Military Records (AFBCMR) to change his Honorable Discharge to a medical discharge with entitlement to disability retirement pay. The AFBCMR, however, denied the relief requested by plaintiff in a letter from the Board dated July 1, 1991. In the July 1, 1991 letter, the AFBCMR found that plaintiff's application was not timely filed, and that "it would not be in the interest of justice" to accept the untimely claim for review. The AFBCMR's record of proceedings states that "[a]lthough the applicant asserts a date of discovery which would, if correct, make the application timely, the essential facts which gave rise to the application were known to applicant long before the asserted date of discovery. Knowledge of those facts constituted the date of discovery . . . ."

Plaintiff submitted a second request for relief to the AFBCMR, dated July 19, 1991. The AFBCMR construed plaintiff's second request as one for reconsideration, and denied the request, according to the defendant, on September 1, 1991, on the grounds that plaintiff had failed to provide any newly discovered evidence. On October 24, 1991, plaintiff sent a third request to the AFBCMR, which was denied in a decision dated November 15, 1991. The AFBCMR denied the third request on the grounds that "reiteration of facts previously addressed by the Board, uncorroborated personal observations, or additional arguments on the evidence of record are not adequate grounds for reopening a case." Plaintiff then sent a fourth request for relief, on November 23, 1991, which was denied on January 14, 1992 in a Board letter stating that, "unless you submit newly discovered relevant evidence which meets the criterion for reconsideration of your appeal, further action by the AFBCMR is not possible." The Board indicated that "any further correspondence regarding your appeal, which does not contain

new or relevant evidence, will be filed without action."

On July 29, 1993, plaintiff also filed a complaint against the Department of the Air Force, Attorney General Janet Reno, and Assistant United States Attorney, Kent W. Penhallurick in the United States District Court for the Northern District of Ohio, Eastern Division, alleging that plaintiff's "civil and constitutional rights were violated by the Air Force's arbitrarily [sic] action and subsequently unlawfully discharged [sic] without proper provisions of law or disability pay." On June 17, 1994, the District Court dismissed plaintiff's complaint, holding that "the United States Court of Federal Claims has exclusive jurisdiction over claims 'not sounding in tort' against the United States, in excess of $10,000. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1)." *Barney v. Dep't of the Air Force,* No. 1:93 CV 1589, slip op. at 2 (N.D. Ohio June 15, 1994). The District Court also dismissed any of plaintiff's claims that could be construed as tort claims on statute of limitations grounds. *Id.* Plaintiff then filed a motion to reconsider, which was denied by the District Court on July 7, 1994. *See Barney v. United States Air Force,* No. 94-3744, 1994 WL 696106 (6th Cir. Dec.12, 1994).

Plaintiff appealed the District Court decision. The Sixth Circuit Court of Appeals affirmed the lower court in a decision dated December 12, 1994, holding that the District Court lacked subject matter jurisdiction over the retirement disability claim and that the tort and constitutional claims were barred by the applicable statues of limitations. *Barney v. United States Air Force,* 1994 WL 696106, at *1-2. The court also stated that "Barney's complaint, which seeks disability retirement pay since 1961 pursuant to a federal statute, falls within the exclusive jurisdiction of the Court of Federal Claims." *Barney v. United States Air Force,* 1994 WL 696106, at *1.

Plaintiff filed his complaint in this court on September 11, 2002. Plaintiff seeks: 1) back pay for his alleged wrongful discharge; 2) payment for the ten days worked between October 1, 1961 and plaintiff's discharge on October 10, 1961; and 3) disability retirement pursuant 10 U.S.C. §§ 1201, 1218

(2000). Plaintiff claims that the delay between his discharge in 1961, his petitions to the AFBCMR during the years 1990-1992, and his complaint in the District Court in 1993 for unlawful discharge and disability retirement is due to his futile attempts to obtain his medical and service records from the time of his discharge until February 22, 1988, when he states he obtained his records with assistance from Ohio Senator Howard Metzenbaum's office. Plaintiff also asserts that he learned in October, 2001 that his military pay records were destroyed six years and three months after his discharge. Plaintiff contends that in spite of the running of the statute of limitations, but without further elaboration, the "United States Air Force Representatives were in a conspiracy," fraudulently concealed the extent of plaintiff's injuries, and wrongfully discharged him.

The defendant moves to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant argues that pursuant to the applicable statute of limitations, 28 U.S.C. § 2501 (2000), this court lacks jurisdiction because plaintiff failed to file his complaint within six years of plaintiff's discharge, and within six years after the denial of the plaintiff's disability claim by the AFBCMR. Plaintiff, however, contends that the "continuing claim" and equitable tolling doctrines shield his claims from dismissal based on the statute of limitations.

## DISCUSSION

Initially, the court recognizes that the plaintiff is proceeding *pro se,* and, accordingly, the plaintiff is entitled to liberal construction of his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977); *Hughes v. Rowe,* 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The United States Court of Appeals

for the Federal Circuit has similarly stated: "the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed.Cir.2002) (citing *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied*, 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002).

However, "there is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading. 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994) (citations omitted)). *See also Merritt v. United States*, 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted).

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, even on appeal. *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding & Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998); *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1324 (Fed.Cir.1997); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991); *Bowen v. United States*, 49 Fed.Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof on a motion to dismiss for lack of jurisdiction), *aff'd*, 292 F.3d 1383 (Fed.Cir.

2002); *Schweiger Constr. Co. v. United States*, 49 Fed.Cl. 188, 205 (2001); *Catellus Dev. Corp. v. United States*, 31 Fed.Cl. 399, 404 (1994). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988); *Martinez v. United States*, 48 Fed.Cl. 851, 857 (2001), *aff'd in part*, 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States*, 49 Fed.Cl. at 675; *Vanalco, Inc. v. United States*, 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed.Cir. 1996) (table). When construing the pleadings pursuant to a motion to dismiss, the court should grant the motion only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.Cir.), *reh'g and reh'g en banc denied* (2002), *petition for cert. filed*, 71 U.S.L.W. 3505, 123 S.Ct. 1786, 155 L.Ed.2d 666 (U.S. April 21, 2003); *Conti v. United States*, 291 F.3d 1334, 1338 (Fed.Cir.2002), *cert. denied*, 537 U.S. 1112, 123 S.Ct. 904, 154 L.Ed.2d 785 (2003); *Consolidated Edison Co. v. O'Leary*, 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied sub nom. Consolidated Edison Co. v. Pena*, 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *see also New Valley Corp. v. United States*, 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (1997); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied*, 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed. Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion must be denied.'"); *RCS Enters., Inc. v. United States*, 46 Fed. Cl. 509, 513 (2000).

Pursuant to Rule 8(a)(1) of the Rules of the Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil

Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed.Cir.1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding on a motion to dismiss based on lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. 99; *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed.Cir. 2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000); *Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir.1998); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d at 1167 (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991)); *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *Hamlet v. United States*, 873 F.2d at 1416; *Ho v. United States*, 49 Fed.Cl. 96, 100 (2001), *aff'd*, 30 Fed.Appx. 964 (Fed.Cir. 2002); *Alaska v. United States*, 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. at 189, 56 S.Ct. 780; *see also Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 747; *Catellus Dev. Corp. v. United States*, 31 Fed.Cl. at 404–05. When considering a motion to dismiss for lack of subject matter jurisdiction, the court may examine relevant evidence in order to resolve any factual disputes. *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed.Cir.1999); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 747; *see also Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed.Cir. 1993) ("In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony."), *cert. denied*, 512 U.S. 1235, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994); *Vanalco v. United States*, 48 Fed.Cl. at 73 ("If the truth of the alleged jurisdictional facts is challenged in a motion to dismiss, the court may consider relevant evidence to resolve the factual dispute.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) for a refund from a prior payment made to the government; or (3) based on federal constitutional, or statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United*

*States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims, " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g denied, en banc suggestion declined* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

*Wrongful Discharge/Unpaid Wages*

Suits against the United States are subject to a six year statute of limitations under 28 U.S.C. § 2501 (2000). This statute sets an express limitation on the jurisdiction granted to this court under the Tucker Act. *Franconia Assocs. v. United States,* 240 F.3d 1358, 1362 (Fed.Cir.2001), *rev'd on other grounds,* 536 U.S. 129, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002); *Alder Terrace, Inc. v. United States,* 161 F.3d at 1376–77; *Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1454 (Fed.Cir.1997); *Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir.1990) (citing *Soriano v. United States,* 352 U.S. 270, 273–74, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)). The six year time bar on actions against the United States is "jurisdictional, because filing within the six-year period was a condition of the waiver of sovereign immunity in the Tucker Act, 28 U.S.C. § 1491(a)(1)." *Caguas Cent. Federal Sav. Bank v. United States,* 215 F.3d 1304, 1310 (Fed.Cir.2000), *cert. denied,* 531 U.S. 1070, 121 S.Ct. 759, 148 L.Ed.2d 661 (2001); *Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d at 1454; *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed. Cir.1988). Because the statute of limitations affects this court's subject matter jurisdiction, the requirement is strictly construed, and may not be waived by the court. *Alder*

*Terrace, Inc. v. United States,* 161 F.3d at 1376–77; *Martinez v. United States,* 48 Fed. Cl. at 857; *Entines v. United States,* 39 Fed.Cl. 673, 678 (1997), *aff'd,* 185 F.3d 881 (table), *cert. denied,* 526 U.S. 1117, 119 S.Ct. 1766, 143 L.Ed.2d 796 (1999); *McDonald v. United States,* 37 Fed.Cl. 110, 113 (1997), *aff'd,* 135 F.3d 778 (1998) (table).

A claim accrues "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment ....'" *Martinez v. United States,* 333 F.3d 1295, 1303, 2003 WL 21383390, at * 5 (Fed.Cir.2003); *Franconia Assocs. v. United States,* 240 F.3d at 1362; *Alder Terrace, Inc. v. United States,* 161 F.3d at 1377; *Hopland Band of Pomo Indians v. United States,* 855 F.2d at 1577; *Lins v. United States,* 231 Ct.Cl. 579, 582, 688 F.2d 784, 786 (1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 995 (1983); *Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 240, 368 F.2d 847, 851 (1966); *Oceanic S.S. Co. v. United States,* 165 Ct.Cl. 217, 225 (1964); *Bowen v. United States,* 49 Fed.Cl. at 675. In other words, "a cause of action against the Government first accrues when all of the events which fix the Government's alleged liability have occurred, and the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States,* 855 F.2d at 1577; *Alder Terrace, Inc. v. United States,* 161 F.3d at 1377; *Cottrell v. United States,* 42 Fed.Cl. 144, 154 (1998); *Colon v. United States,* 35 Fed.Cl. 515, 517–18 (1996); *Anaheim Gardens v. United States,* 33 Fed.Cl. 773, 776 (1995).

■ The United States Court of Appeals for the Federal Circuit has stated that, "[i]n a military discharge case, this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiffs' discharge." *Martinez v. United States,* 333 F.3d 1295, 1303; *see Bowen v. United States,* 292 F.3d 1383, 1386 (Fed.Cir.2002); *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986) (citing *Wilson v. United States,* 231 Ct.Cl. 958, 959 (1982); *Bonen v. United States,* 229 Ct.Cl. 144, 148, 666 F.2d 536, 539 (1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); and *Kirby v. United States,* 201 Ct.Cl. 527, 531, 1973 WL 21341 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974)). Furthermore, claims for unpaid wages accrue "when the government first fails to make a salary payment." *Curry v. United States,* 52 Fed.Cl. 799, 801 (2002), *aff'd,* 60 Fed.Appx. 312 (Fed. Cir.2003) (citing *Middleman v. United States,* 91 Ct.Cl. 306, 308, 1940 WL 4143 (1940)). The applicable statute of limitations for disability claims is discussed below.

In the present case, defendant contends that the plaintiff should have filed his complaint for wrongful discharge within six years of his date of discharge—by October 10, 1967. The court notes that just under forty-one years had passed between the plaintiff's discharge and the complaint filed in this court on September 11, 2002. Additionally, nearly twenty-nine years had passed from the date of plaintiff's discharge and the filing of plaintiff's first request for review by the AFBCMR, and nearly thirty-two years had passed before plaintiff filed a complaint in Federal District Court. Based on binding precedent that claims founded on unlawful discharge accrue on the date of discharge, the court finds that the plaintiff's claim for wrongful discharge accrued on October 10, 1961, plaintiff's date of discharge. *See Martinez v. United States,* 333 F.3d 1295, 1303; *Bowen v. United States,* 292 F.3d at 1386; *Hurick v. Lehman,* 782 F.2d at 986; *Bonen v. United States,* 229 Ct.Cl. at 148, 666 F.2d at 539; *Kirby v. United States,* 201 Ct.Cl. at 531, 1973 WL 21341. Accordingly, the latest date plaintiff could have filed a complaint for unlawful discharge was October 10, 1967. Plaintiff's discharge papers provided him with clear notice of his discharge. Plaintiff's wrongful discharge claim, therefore, is time barred. As will be discussed more fully below, plaintiff's subsequent actions at the AFBCMR (1991) and the District Court (1993) do not toll the statute of limitations.

■ Plaintiff also contends that the statute of limitations regarding alleged lack of pay for his final ten days of service, October 1–10, 1961, began running in October, 2001 when he "discovered [his] fraudulent [sic] concealed Military Pay Records were destroyed after 6 years and 3 months after

release ...." According to the plaintiff, the Air Force paid personnel "at the end of each month in the year of 1961." Defendant argues, however, that the events which fixed the liability of the government regarding the alleged nonpayment of the plaintiff's salary for active duty service from October 1–10, 1961, occurred by November 30, 1961, the latest date that plaintiff would have received his final monthly payment after discharge. Defendant asserts that the plaintiff "should have filed his complaint for such relief within at least six years of November 1967." The plaintiff's claim for unpaid wages, like his claim for wrongful discharge, is barred by the six year statute of limitations because plaintiff's alleged claim accrued when the government first failed to make payment of plaintiff's monthly salary in 1961. *Curry v. United States*, 52 Fed.Cl. at 801 (citing *Middleman v. United States*, 91 Ct.Cl. at 308, 1940 WL 4143). Plaintiff's statement that he discovered in October, 2001 that his military pay records were destroyed six years and three months after his discharge, does not toll the six year limitation period. The plaintiff knew, or should have known in 1961 that he did not receive a paycheck for the ten days in October, 1961, long before he learned of the destroyed records.

Although plaintiff may take issue with the six year limitation period, the statute of limitations is a well established congressionally mandated policy in the public interest to balance the rights of the parties and to "encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). As a balance to the government's waiver of sovereign immunity, the statute of limitations pro-

tects the government from having to defend itself long after the events in question occurred, the relevant memories have faded, witnesses have disappeared, and the pertinent documents have been lost. *See Id.; Hart v. United States*, 910 F.2d 815, 818 (Fed.Cir.1990). The six year limitation also appropriately ends "the possibility of litigation after the lapse of a reasonable time." *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. 126, 136, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); *Hart v. United States*, 910 F.2d at 818.

### Disability Retirement

Plaintiff also claims to meet the requirements under 10 U.S.C. § 1201 (2000) for disability retirement. Plaintiff alleges entitlement to disability retirement because allegedly "[he] sustained a recurring hernia disability, and groin and back pain problems in the line of duty."

■ In disability retirement cases, "disability retirement pay [claims] do not accrue until the appropriate board either finally denies such a claim or refuses to hear it." *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir.1990) [1]; *Friedman v. United States*, 159 Ct.Cl. 1, 18, 310 F.2d 381, 392 (1962) ("[T]he claim does not accrue until final action on the basis of the determination of the first competent board to decide."), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963); *Myers v. United States*, 50 Fed.Cl. 674, 683 (2001); *Collins v. United States*, 47 Fed.Cl. 196, 199–200 (2000), *aff'd*, 243 F.3d 561 (2000) (table); *Aubre v. United States*, 40 Fed. Cl. 371, 376 (1998); *Asbury v. United States*, 30 Fed.Cl. 417, 419 (1994). Furthermore, if the

---

1. The Federal Circuit in *Real* provided an in depth analysis of the statute of limitations issues relating to disability retirement claims and like *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381, has been subsequently cited in the Court of Federal Claims. The *Real* court stated that, "claims of entitlement to disability retirement pay do not accrue until the appropriate board either finally *denies* such a claim or *refuses* to hear it," and "the *decision* by the first statutorily authorized board which hears or refuses to hear the claim is the triggering event." *Real v. United States*, 906 F.2d at 1557, 1560 (emphasis added). However, in the same *Real* opinion, the Federal Circuit stated: "if at the time of discharge an appropriate board was requested by the service

member and the request was refused or if the board heard the service member's claim but denied it, the limitations period begins to run upon *discharge*." *Id.* It is, therefore, unclear whether the Federal Circuit in *Real* was making an exception for Board action before discharge, in which case the Federal Circuit states that the discharge date controls regardless of the date of earlier board action. Although not at issue in the instant case, the question raised is whether the Federal Circuit pronounced a different rule from the general rule which simply looks to the date of action of the first competent board, regardless of whether or not the board's action is taken before the date of discharge.

service member had neither requested nor been offered consideration of disability retirement by a board prior to discharge, the later denial of his petition by the corrections board triggers the running of the statute of limitations. *Real v. United States*, 906 F.2d at 1560; *Friedman v. United States*, 159 Ct.Cl. at 25, 310 F.2d 381; *Aubre v. United States*, 40 Fed.Cl. at 376 n. 6 ("In most cases the proper board will be a physical evaluation board ('PEB') that evaluates a disability claim prior to separation from the armed forces. However, if the claimant is not reviewed by a PEB, a correction board's final decision indicates the date on which a claim accrues."); *Kirwin v. United States*, 23 Cl. Ct. 497, 508 n. 14 (1991); *Burton v. United States*, 22 Cl.Ct. 706, 709 (1991) (holding that disability retirement claims normally accrue at the final decision of the corrections board when entitlement has not been considered by a medical board prior to discharge), *aff'd*, 945 F.2d 417 (1991) (table).

■ Defendant maintains that the plaintiff first sought relief and was denied disability pay by the AFBCMR in a decision dated July 1, 1991.[2] In his brief, defendant's counsel states that the plaintiff's claim became final "when the AFBCMR denied both of [plaintiff's] subsequent motions to reconsider," the second denial having occurred on January 14, 1992. In the same brief, however, defendant's counsel also states that plaintiff was required to file his complaint with this court on or before July 1, 1997—six

years from the date of the Board's initial decision, not the date of the Board's last denial of reconsideration. In the instant case, the defendant's inconsistent arguments regarding the triggering date for the statute of limitations do not matter, since the plaintiff's complaint in this court, filed September 11, 2002, was filed beyond both the six year limitation period from the Board's July 1, 1991 final decision and from the Board's last denial of reconsideration, dated January 14, 1992, the two dates defendant offers. In fact, the letter dated July 1, 1991 from the AFBCMR was the first statutorily authorized board which heard or refused to hear the claim and was the triggering event for the statute of limitations. *Real v. United States*, 906 F.2d at 1560 ("The decision by the first statutorily authorized board which hears or refuses to hear the claim is the triggering event."); *see also Friedman v. United States*, 159 Ct.Cl. at 18, 310 F.2d at 392; *Myers v. United States*, 50 Fed.Cl. at 683; *Collins v. United States*, 47 Fed.Cl. at 199–200; *Asbury v. United States*, 30 Fed.Cl. at 419. Therefore, the court finds that July 1, 1991 was the date of accrual for plaintiff's claim for disability retirement.[3]

Plaintiff's additional trips to the AFBCMR proceedings did not toll the statute of limitations because "[a] subsequent petition to the corrections board does not toll the running of the limitations period ...." *Real v. United States*, 906 F.2d at 1560 (citing *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d at 385);

2. The court notes that when stating the government's position, the defendant quotes language it attributes to the *Real* case. Although the basic principle was in the *Real* case, the cited quotation appears in *Aubre v. United States*, 40 Fed.Cl. at 376 n. 6.

3. The *Real* court notes that there can be circumstances as a result of which "the service member's failure to request a hearing board prior to discharge has been held to have the same effect as a refusal by the service to provide board review." *Real v. United States*, 906 F.2d at 1560 (citing *Miller v. United States*, 175 Ct.Cl. 871, 361 F.2d 245 (1966) and *Huffaker v. United States*, 2 Cl.Ct. 662 (1983); *see also Burton v. United States*, 22 Cl.Ct. 706, 708 (1991), *aff'd*, 945 F.2d 417 (Fed.Cir.1991) (table). The question in these cases framed by the *Real* trial court and approved as the issue to be determined in that case was "whether [plaintiff] had adequate notice of

his potential disability, and, concomitantly, the potential right to disability retirement pay such that he should have and could have brought suit within six years [of his] release." *Real v. United States*, 906 F.2d at 1561 (quoting *Real v. United States*, 18 Cl.Ct. 118, 126–27 (1989)). The facts in the instant case bear some similarity to *Huffaker v. United States*, 2 Cl.Ct. at 663–664 and *Miller v. United States*, 361 F.2d at 246–48, in that plaintiff Barney received a physical prior to discharge and was found and notified that he was free of physical or mental defects, not warranting a discharge pursuant to Air Force Manual 35–4. There is no credible evidence in the record to suggest that Mr. Barney did not understand the significance of his physical examination just prior to discharge. In either case, however, counting from the discharge date (October 10, 1961), or the date of the AFBCMR denial (July 1, 1991), the statute of limitations has run.

*Collins v. United States,* 47 Fed.Cl. at 199. Although as noted above, for purposes of this court the July 1, 1991 decision determines the starting date for the running of the statute of limitations under 28 U.S.C. § 2501 (2000), the AFBCMR demonstrated its willingness to entertain plaintiff's additional claims beyond the denials after July 1, 1991 if he could "submit newly discovered relevant evidence ...." As announced by the AFBCMR, the plaintiff failed, however, to submit such newly discovered, relevant evidence to the Board.

Although plaintiff's complaint in the District Court on July 29, 1993 was filed within six years of each of the AFBCMR decisions, neither plaintiff's filing in the District Court nor the activity in the United States Court of Appeals for the Sixth Circuit, including the Circuit Court's decision on December 12, 1994, tolled the statute of limitations. The plaintiff still waited more than eight years, until September 11, 2002, to file a complaint in this court after the Sixth Circuit Court of Appeals issued its decision. *See Burke v. United States,* 5 Cl.Ct. 759, 760 (1984) ("Over six years ago, the plaintiffs were put on notice by the district court that it did not have jurisdiction. The [appropriate] claim should have been timely filed in the Claims Court."). In the present case, more than eight years passed after the District Court placed Mr. Barney on notice of the exclusive jurisdiction in this court for plaintiff's non-tort claims. *Barney v. Dep't of the Air Force,* No. 1:93 CV 1589 (N.D. Ohio June 15, 1994); *see also Longhine v. United States,* 230 Ct.Cl. 920, 922, 1982 WL 25276 (1982). The Sixth Circuit Court of Appeals reiterated to plaintiff that his disability retirement claim fell "within the exclusive jurisdiction of the Court of Federal Claims." *Barney v. United States Air Force,* 1994 WL 696106, at *1 (6th Cir.1994). Moreover, the District Court and the Sixth Circuit Court of Appeals dismissed plaintiff's civil rights claims on statute of limitations grounds, indicating to plaintiff the impact of the statute of limitations and the potential pitfalls of further delay. *Id.* at *1–2; *see Burke v. United States,* 5 Cl.Ct. at 760.

*Continuing Claim*

In response to defendant's motion to dismiss, plaintiff argues: "I am still entitled to judgment as a matter of law, under the 'Continuing Claim' Doctrine, and where conditions precedent to the accrual of a cause of action were established by Statutes, a 'claim does not ripen until the conditions are fulfilled.'" Plaintiff suggests that the statute of limitations did not accrue until after he petitioned the AFBCMR in 1991 because at the time of his discharge he never "waived [his] right to evaluations by a Board of Medical Officers or [a] Physical Evaluation Board, for my Hernia medical impairment which interfered with my ability to perform worldwide duty, and has to be waived." Additionally, plaintiff alleges that the "Air Force Officers fraudulently concealed the material facts of my right to an evaluation by a Board of (3) Medical Officers ...."

In some cases, a military pay cause of action has been characterized as a continuing claim, although the action leading to the claim may have occurred more than six years earlier. *Friedman v. United States,* 159 Ct. Cl. at 7, 310 F.2d at 384. "In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages .... However, a claim based upon a single distinct event, which may have continued ill effects later on, is not a continuing claim." *Brown Park Estates–Fairfield Devel. Co. v. United States,* 127 F.3d 1449, 1456 (Fed.Cir.1997); *see also Hornback v. United States,* 52 Fed. Cl. 374, 379 n. 8 (2002), *aff'd,* 55 Fed. Appx. 536, *reh'g and reh'g en banc denied* (2003). For example, "[e]ach failure to make a proper payment gives rise to a new cause of action." *Entines v. United States,* 39 Fed.Cl. 673, 682 (1997) (quoting *Russell v. United States,* 161 Ct.Cl. 183, 186, 314 F.2d 809 (1963)), *aff'd,* 185 F.3d 881 (Fed.Cir.) (table), *cert. denied,* 526 U.S. 1117, 119 S.Ct. 1766, 143 L.Ed.2d 796 (1999). To establish a continuing claim, when repeated government action or inaction results in a claim, a plaintiff must show that (1) Congress has not delegated to an administrative officer the duty to

determine claimant's eligibility for pay; (2) the case turns on pure issues of law or on specific issues of fact not otherwise entrusted to an administrative tribunal; and (3) the court is asked to resolve sharp and narrow factual issues not demanding judicial evaluation of broad concepts such as disability, concepts which involve weighing numerous considerations and the exercise of expertise and discretion. *Friedman v. United States,* 159 Ct.Cl. at 7, 310 F.2d at 384–85, *followed by Hatter v. United States,* 203 F.3d 795, 797 (Fed.Cir.2000) (en banc), *rev'd on other grounds,* 532 U.S. 557, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001).

■ Continuing claim suits include, for example, "additional pay at a higher grade, or claiming greater compensation (under a statute or regulation) than the claimant was receiving, or seeking special statutory increments or allowances, etc." *Friedman v. United States,* 159 Ct.Cl. at 7, 310 F.2d at 384. A claim "for entitlement to disability retirement pay, of the type requiring discretionary action by a board or executive official, is not a continuing claim, but accrues as a whole, once it accrues." *Hatter v. United States,* 203 F.3d at 798. Claims for disability retirement similar to the plaintiff's are not continuing claims as discussed above, but accrue upon the final decision of the appropriate board.

■ In addition, a claim for "wrongful discharge is not a continuing claim." *Longhine v. United States,* 230 Ct.Cl. 920, 922, 1982 WL 25276 (1982). "[T]he courts have made clear that a Tucker Act claim for back pay accrues all at once at the time of discharge; the claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Martinez v. United States,* 333 F.3d 1295, 1303; *Lane v. United States,* 208 Ct.Cl. 955, 955–956, 1975 WL 7116 ("A claim based upon an illegal discharge is not, as plaintiff suggests, a continuing claim, but rather 'accrues all at once' upon the claimant's removal."); *Mathis v. United States,* 183 Ct.Cl. 145, 147–148, 391 F.2d 938, 939 (1968), *aff'd following remand,* 190 Ct.Cl. 925, 421 F.2d 703 (1970). Plaintiff's claim for

unpaid wages also does not meet the qualifications for a continuing claim because a "single distinct event, which may have continued ill effects later on, is not a continuing claim." *Brown Park Estates–Fairfield Devel. Co. v. United States,* 127 F.3d at 1456; *Hornback v. United States,* 52 Fed.Cl. at 379 n. 8.

The six year statute of limitations clock for plaintiff's disability retirement claim began ticking on July 1, 1991 and stopped July 1, 1997. Accordingly, the plaintiff's September 11, 2002 complaint was five years too late. Even if the court were to look to the date upon which the Sixth Circuit Court of Appeals dismissed plaintiff's appeal on December 12, 1994, the plaintiff still filed his complaint in this court two years too late. Additionally, the statute of limitations regarding plaintiff's claims for unlawful discharge and unpaid wages expired in 1967. The court concludes that all of the plaintiff's claims—unlawful discharge, unpaid wages, and disability retirement—were barred by the six year limitation contained in 10 U.S.C. § 2501.

*Equitable Tolling*

Plaintiff makes a passing reference in his response to the defendant's motion to dismiss that equitable tolling applies to his disability retirement claim because the Air Force "fraudulently concealed the material facts of [plaintiff's] right to [a PEB]." The doctrine of equitable tolling is sparingly applied by the courts, for example, when a claimant has (1) actively pursued his judicial remedies, but filed a defective pleading during the statutory period, (2) was induced or tricked by an adversaries' misconduct into allowing the filing date to expire, or (3) missed the filing date due to the government's concealment of the facts. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). "[W]hen the object of the suit is to obtain relief against a fraud, the bar of the statute does not commence to run until the fraud is discovered or becomes known to the party injured by it." *Bailey v. Glover,* 21 Wall. 342, 88 U.S. 342, 347, 22 L.Ed. 636 (1874). Therefore, to toll a statute of limitations, a claimant either must show that the defendant has concealed its acts with the result that the plaintiff was unaware of

their existence or that the injury was inherently unknowable. *Alliance of Descendants of Texas Land Grants v. United States,* 37 F.3d 1478, 1482 (Fed.Cir.), *reh'g denied* (1994); *Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356, *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967).

But when a plaintiff discovers the existence, or could have discovered the existence, of a cause of action, the cause of action accrues for the purposes of calculating the statute of limitations. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed.Cir.1988). In some cases, "the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff does not know of his claim." *Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States,* 178 Ct.Cl. at 634, 373 F.2d 356. However, "Ignorance of rights which should be known is not enough." *Id.* The United States Court of Claims also cautioned:

> Once the statute of limitations has been tolled, it is not necessary that plaintiff obtain a thorough understanding of all the facts to halt the suspension. Defendant is not required to wait until plaintiff has started substantiating its claims by the discovery of evidence. Once plaintiff is on inquiry that it has a potential claim, the statute can start to run.

*Id.*

Defendant argues that the plaintiff is claiming, "without any analysis or documentary evidence, that the Air Force fraudulently concealed his right to appear before the PEB." Moreover, once a defendant challenges jurisdiction, the plaintiff can no longer rely on unsupported allegations of jurisdiction, and must instead bring forth evidence to establish jurisdiction by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988).

Plaintiff maintains that he learned of the Air Force's fraudulent concealment as late as February, 1988 when he obtained his medical

and service discharge records. Even if the court were to assume that plaintiff's allegations that the Air Force fraudulently concealed his alleged right to a PEB at discharge are true, which the court does not, the claim is still time barred. Assuming February 22, 1988 was "the date when plaintiff discovered, or could have discovered the existence, of his cause of action," the six year statute of limitations still would have run by February 22, 1994, and plaintiff's claim would still be time barred. *Hopland Band of Pomo Indians v. United States,* 855 F.2d at 1577.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is **GRANTED**, and the plaintiff's complaint is **DISMISSED**, with prejudice. The Clerk's office shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**